■ JULIUS ODEN, Appellant, v CHEMUNG COUNTY INDUS-TRIAL DEVELOPMENT AGENCY et al., Defendants and Third-Party Plaintiffs. J.P.W. ERECTORS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents; STREETER ASSOCIATES, INC., Third-Party Defendant-Appellant.—Weiss, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 29, 1991 in Chemung County, which, *inter alia*, granted certain defendants' motions for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff was injured when a small hydraulic crane owned by defendant J.P.W. Erectors, Inc. (hereinafter JPW) and operated by defendant David E. Dyer apparently struck and caused a vertical steel support column from which a catwalk had just been removed to fall. Plaintiff was employed by defendant Streeter Associates, Inc., the general contractor on a reconstruction project at defendant Anchor Glass Container Corporation's facility in the City of Elmira, Chemung County. The premises were owned by defendant Chemung County Industrial Development Agency. Streeter contracted with JPW to provide the crane required in the demolition. JPW also provided Dyer as the crane operator, who in turn had been provided to JPW pursuant to a contract with defendant Personnel Pool Temporary Services, Inc.

In the performance of his work, Dyer had come under the direction of Streeter employees to some degree in the operation of the crane. This was necessary because of Streeter's knowledge of the job requirements, of the need to coordinate the crane with Streeter's activities, and of the tightly constricted area within which the equipment was required to operate. Personnel Pool, JPW and Dyer each moved for summary judgment upon the theory that Dyer had become the special employee of Streeter for the entire time during which he operated the crane on the Anchor project.

Supreme Court agreed, finding that Dyer was indeed under the exclusive control of Streeter and determining that he was Streeter's special employee who thus became plaintiff's coemployee against whom this action was barred by Workers' Compensation Law § 29 (6). Supreme Court also denied plaintiff's motion for partial summary judgment against all defendants on the issue of Labor Law § 240 (1) liability, finding that issues of fact existed as to why the column fell. Plaintiff and Streeter have appealed.

The creation of a special employment relationship presents a factual question incapable of resolution on a motion for

summary judgment unless the special employer's comprehensive and exclusive control and direction of the manner, details and ultimate results of the employee's work has been incontrovertibly established *(Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 558). General employment is presumed to continue, but that presumption may be overcome upon a clear demonstration of surrender of complete control by the general employer and the assumption of control by the special employer *(supra,* at 557; *see, Irwin v Klein,* 271 NY 477, 485).

Here, the record presents unresolved issues of fact which require a trial. While Dyer's testimony would lead Supreme Court to believe that his role in operating the crane was no more than that of a minion who received direction from those around him without independent thought other than as an observant co-worker, his own description of his role is contradicted by evidentiary proof in the record. The crane's operating manual, the opinion of plaintiff's expert as to the operator's role and why it is an industry practice to include operators with equipment leases, and even the testimony of the owner of JPW as to why he insisted upon providing an operator, all suggest that JPW was providing the services of a specialist and retained an element of control. The record suggests that Streeter could not direct Dyer to stand down from the crane, to operate other equipment or to leave the premises while another Streeter employee operated the crane, which would ordinarily pertain in situations involving a special employee. Thus, a question of fact exists as to whether JPW retained authority, management or care over the equipment and the manner in which it should be treated or operated *(see, McNamara v Leipzig,* 227 NY 291, 297). Accordingly, the motions of Personnel Pool, Dyer and JPW should have been denied.

Plaintiff further contends that he has submitted proof that the counterweights on the turntable of the crane struck the free-standing column causing it to fall, thereby entitling him to summary judgment on the issue of liability. We find that plaintiff is entitled to summary judgment on the issue of liability under Labor Law § 240 (1) against all defendants except JPW, Dyer and Personnel Pool regardless of whether the crane struck the column. The demolition involved contemplated hazards related to the effects of gravity inherent in the particular task being performed because of the lower elevation level of plaintiff's location and the higher elevation of the column to be demolished *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). "Labor Law § 240 (1) 'is to be liberally

construed to accomplish its beneficent purpose; [i.e.] the better protection of work[ers] engaged in certain dangerous employments' " *(Dougherty v State of New York,* 113 AD2d 983, 985, quoting *Bohnhoff v Fischer,* 210 NY 172, 174). The steel column, 12 inches in diameter and 20 feet in height, was left unsecured and essentially free standing without any protective devices after the catwalk was cut away and lifted free by the crane. It matters not whether the column fell as a result of being struck by the crane or because of its own instability. Plaintiff is not entitled to partial summary judgment, however, against JPW, Dyer and Personnel Pool because, in addition to the issue of special employment, unresolved questions of fact remain relating to control of the work site, negligent operation of the crane and whether such operation contributed to the fall of the column *(see, Riley v S & T Constr.,* 172 AD2d 947, *lv denied* 78 NY2d 853).

Mikoll, Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by (1) reversing so much thereof as granted the motions for summary judgment by defendants Personnel Pool Temporary Services, Inc., David E. Dyer and J.P.W. Erectors, Inc., and (2) denied plaintiff's motion for partial summary judgment on the issue of liability against the remaining defendants; motions by said defendants denied, plaintiff's motion for partial summary judgment on the issue of liability granted against remaining defendants; and, as so modified, affirmed.