■ PAUL W. MARACLE, Respondent-Appellant, v SALVATORE DIFRANCO et al., Appellants-Respondents. SALVATORE DI-FRANCO et al., Third-Party Plaintiffs, and S.M.L. CONTRACTING, INC., Third-Party Plaintiff-Appellant, v JOHN LABAR, Individually and Doing Business as LABAR CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [602 NYS2d 481] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured while he, along with three other workers, was attempting to lift a wall of a house to set it in place. Plaintiff commenced this action against Salvatore and Karen L. DiFranco, the owners of the house, and S.M.L. Contracting, Inc. (S.M.L.), the general contractor, alleging liability pursuant to Labor Law §§ 200, 240 (1) and § 241 (6). Defendants commenced a third-party action against John Labar, individually and doing business as Labar Construction Company, the subcontractor responsible for framing the house. The IAS Court denied various motions of the parties for summary judgment.

The court erred in denying defendants' motion for summary judgment pursuant to Labor Law § 240 (1). That section requires that "[a]ll contractors and owners * * * shall furnish

or erect, or cause to be furnished or erected * * * scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]" (Labor Law § 240 [1]). In *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), the Court held that the legislative intent underlying section 240 (1) was to provide " 'exceptional protection' " for workers against the " 'special hazards' " that arise when a work site either is elevated or below the level of the " 'materials or load [being] hoisted or secured' " *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500-501, quoting *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). The special hazards referred to in *Rocovich* "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" but rather "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501 [emphasis in original]). Although plaintiff argues that the wall was a falling object, we conclude that, because the wall was at the same level as the work site, plaintiff's injury was the result of a risk of " 'a myriad of common everyday work activities not involving heights' " *(Staples v Town of Amherst,* 146 AD2d 292, 300, quoting *Yaeger v New York Tel. Co.,* 148 AD2d 308, 312).

The IAS Court properly denied Salvatore DiFranco's motion for summary judgment pursuant to Labor Law § 241 (6). Although that statute contains an exception from liability for owners of one and two-family dwellings who contract for but do not direct or control the work, the record contains conflicting evidence regarding Salvatore DiFranco's direction and control of the work. He was present at and participated in the framing of the house and contracted directly with Labar for that work. Although he was paid by Labar in the form of credit for his work, he testified that he was in charge of the job site and "had the last word". The court properly concluded that there is a question of fact regarding his control of the work and whether he was a coemployee of plaintiff *(see generally,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 2, at 20-21). There is no evidence, however, that defendant Karen L. DiFranco directed or controlled the work and plaintiff's cause of action under section 241 (6) against her should have been dismissed. Similarly, plaintiff's claim against S.M.L.

under section 241 (6) should have been dismissed because the evidence is uncontroverted that S.M.L. had no role in hiring Labar or supervising the work site. In *Ross v Curtis-Palmer Hydro-Elec. Co. (supra,* at 502-503), the Court held that a claim under section 241 (6) for violation of a specific provision of the Industrial Code gives rise to a nondelegable duty, thus rendering irrelevant the owner's or contractor's supervision of the work site. Where, as here, the plaintiff alleges violation of "general safety standards", liability will not lie against the nonsupervising owner or general contractor.

Similarly, plaintiff's claim of common-law negligence against S.M.L. and Karen DiFranco should have been dismissed *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Lombardi v Stout,* 80 NY2d 290; *Kappel v Fisher Bros., 6th Ave. Corp.,* 39 NY2d 1039). There are questions of fact precluding summary judgment, however, whether Salvatore DiFranco exercised control over the work site and the degree of that control.

We modify the order by dismissing all claims against S.M.L. and Karen DiFranco, and dismissing the Labor Law § 240 (1) claim against Salvatore DiFranco. The cross claims of the DiFrancos and Labar against S.M.L. and the cross claim of S.M.L. against the DiFrancos also are dismissed. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.