OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, defendant’s cross motion for partial summary judgment dismissing plaintiffs’ Labor Law § 240 (1) cause of action granted, and the certified question answered in the affirmative.
 

 Plaintiff was injured while dismantling a coal conveyer system located in a subterranean concrete vault. The dismantled machinery was removed from the underground work area by a crane situated at ground level with its cable lowered through an opening in the vault’s ceiling. A 200-pound metal
 
 *783
 
 tension ball attached to the cable allowed the dismantled machinery to be dragged along the concrete floor until it could be hoisted to ground level. Plaintiff’s injury occurred when equipment snagged on the vault floor’s uneven surface and the crane operator, unaware of the situation, continued to exert tension on the cable until it snapped, propelling the tension ball against plaintiff.
 

 The Appellate Division, with one Justice dissenting, modified an order of Supreme Court by reversing so much thereof as granted defendants’ cross motion for partial summary judgment dismissing plaintiffs’ Labor Law § 240 (1) cause of action. That Court concluded that plaintiffs’ section 240 (1) claim was viable because the work activity plaintiff was engaged in exposed him to risks associated with elevation differentials. Based on our holdings in
 
 Rocovich v Consolidated Edison Co.
 
 (78 NY2d 509) and
 
 Ross v Curtis-Palmer Hydro-Elec. Co.
 
 (81 NY2d 494), we disagree and hold that plaintiff’s injury did not result from an elevation-related hazard.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.