■ MICHAEL SMERKA et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (Appeal No. 1.) [616 NYS2d 114] —Judgment unanimously reversed on the law without costs, partial summary judgment granted to defendant dismissing plaintiffs' cause of action under Labor Law § 240 (1) and trial granted on liability only on remaining causes of action. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Michael Smerka (plaintiff) while working as a boilermaker for Combustion Engineering, Inc., at defendant's plant. As plaintiff was walking through the "economizer" on his way to a work site, an element weighing over 1,000 pounds "tipped over" and fell on him, pinning him against a wall. As a result, plaintiff suffered serious and permanent injuries, making it impossible for him to continue working as a boilermaker.

The complaint alleged causes of action in negligence and for violations of Labor Law §§ 200, 240 and 241. Plaintiffs moved at Special Term before trial for partial summary judgment under Labor Law § 240 (1). Defendant opposed that motion and did not cross-move for summary judgment. Special Term granted plaintiffs' motion; defendant did not appeal. Following a jury trial on damages only, the jury returned a verdict for plaintiffs. Defendant appeals from the judgment incorporating the verdict and all orders subsumed in the judgment.

Special Term erred in granting plaintiffs summary judgment under Labor Law § 240 (1). Plaintiff's injuries did not result from any elevation-related hazard and do not come within the purview of Labor Law § 240 (1) *(see, Ross v Curtis-*

*Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *Lehner v Dormitory Auth.,* 201 AD2d 948; *Maracle v DiFranco,* 197 AD2d 877). Because the element was at the same level as the work site, plaintiff's injury was the result of a risk of a myriad of everyday work activities not involving heights *(see, Staples v Town of Amherst,* 146 AD2d 292, 300; *Yaeger v New York Tel. Co.,* 148 AD2d 308, 312; *see also, Maracle v DiFranco, supra,* at 878). Notwithstanding the fact that defendant did not cross-move for summary judgment, this Court has the power to search the record and award summary judgment to a non-moving party *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). Therefore, we grant partial summary judgment to defendant dismissing plaintiffs' cause of action under Labor Law § 240 (1).

We conclude that there is no merit to defendant's remaining arguments. Supreme Court did not abuse its discretion in permitting plaintiffs' experts to testify *(see,* CPLR 3101 [d] [1] [i]; *Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858). The verdict did not deviate materially from what would be reasonable compensation and is not excessive *(see,* CPLR 5501 [c]). Finally, the court did not err in refusing to reduce the future damages to present value *(see, Stiles v Batavia Atomic Horseshoes,* 174 AD2d 287, 293, *revd on other grounds* 81 NY2d 950). In the interest of judicial economy, because all parties have had a full and complete opportunity to litigate the damages issues, we conclude that there is no reason to order a retrial of those issues.

Thus, we grant a trial on the issue of liability only with respect to plaintiffs' remaining causes of action. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Negligence.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.