■ LORETTA MISSERITTI, as Administratrix of the Estate of ANGELO MISSERITTI, Deceased, Respondent, v MARK IV CON-

struction Co., Inc., Appellant and Third-Party Plaintiff-Respondent. B.A. Masons, Inc., Third-Party Defendant-Appellant. [619 NYS2d 473] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent was injured when, according to the complaint, "a wall in a building under construction collapsed and fell on him." Plaintiff moved for partial summary judgment pursuant to Labor Law § 240 (1). That section was adopted to provide protection against risks created by differences in elevation, that is, risks that are "related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). The two types of risks are generally referred to as the "falling object" and "falling worker" tests. Plaintiff contends that this case involves a "falling object". We disagree.

Conceptually, the "collapse" of a wall made of cement blocks is indistinguishable, for purposes of Labor Law § 240 (1), from the collapse of an excavation trench (see, Rogers v County of Niagara, 209 AD2d 1034 [decided herewith]; Staples v Town of Amherst, 146 AD2d 292) or the collapse of a wall as it is being lifted by workers (see, Maracle v DiFranco, 197 AD2d 877). In Maracle (supra, at 878), we concluded that there was no liability under Labor Law § 240 (1) because the wall that the injured worker was lifting "was at the same level as the work site" (see also, Smerka v Niagara Mohawk Power Corp., 206 AD2d 891; Lehner v Dormitory Auth., 201 AD2d 948; cf., Oden v Chemung County Indus. Dev. Agency, 183 AD2d 998). Similarly, the concrete block fire wall here was at the same level as the work site; the fact that individual concrete blocks separated from the wall as it collapsed does not entitle plaintiff to the protection of the statute. If the wall had collapsed without breaking into pieces, plaintiff would not be entitled to recover (see, Maracle v DiFranco, supra). Thus, defendant is entitled to summary judgment on the Labor Law § 240 (1) cause of action.

The uncontroverted evidence establishes that the general contractor did not direct, control or supervise the manner in which decedent's employer performed its work. Thus, the court properly granted summary judgment in favor of Mark

IV Construction Co. on its third-party complaint against decedent's employer *(see, Paterson v Hennessy,* 206 AD2d 919; *Damon v Starkweather,* 185 AD2d 633; *Allman v Ciminelli Constr. Co.,* 184 AD2d 1022).

All concur except Green and Balio, JJ., who dissent in part and vote to affirm in the following Memorandum.

Green and Balio, JJ. (dissenting in part). We respectfully dissent in part. Although we agree with the majority that Mark IV Construction Co. was entitled to summary judgment on its third-party complaint, we conclude that Supreme Court properly granted plaintiff's motion for summary judgment on the Labor Law § 240 (1) cause of action.

Plaintiff's decedent, a mason employed by B.A. Masons, Inc., assisted in the dismantling of scaffolding and the cleaning up of debris around a 22-foot high concrete block wall. A strong gust of wind blew over the free standing and unbraced wall, and a portion of the wall fell upon decedent, causing serious physical injuries. In our view, the unbraced and free standing wall constituted an unsecured falling object *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501) and involved an elevation-related hazard *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *Oden v Chemung County Indus. Dev. Agency,* 183 AD2d 998).

We are unable to agree with the majority that the free standing concrete wall is conceptually indistinguishable from an excavation trench or objects being held in hand by workers. The free standing wall constituted an artificially constructed elevated structure governed by Labor Law § 240 (1), rather than the non-elevated excavation trench that is governed by Labor Law § 241 (6) *(cf., Staples v Town of Amherst,* 146 AD2d 292, 301). Further, liability under Labor Law § 240 (1) is not implicated where injuries are sustained by a worker who is struck by an object being held in hand by that worker and others because those accidents do not involve special elevation risks requiring safety devices mandated by the statute *(see, Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Maracle v DiFranco,* 197 AD2d 877, 878). In the instant case, it is undisputed that some form of bracing or restraint was required to prevent the wall from falling and that the lack of a safety device was a proximate cause of the accident *(see, Oden v Chemung County Indus. Dev. Agency, supra).*

We also conclude that the majority errs in concluding that this 22-foot high wall was "at the same level" as the worksite. Decedent was not holding the wall in his hands *(cf., Maracle v*

*DiFranco, supra),* a block from a four- or five-foot high stack of concrete blocks did not roll over onto him *(cf., Lehner v Dormitory Auth.,* 201 AD2d 948), and a piece of equipment less than six feet tall did not tip over and fall on him *(cf., Smerka v Niagara Mohawk Power Corp.,* 206 AD2d 891). The fact that decedent previously had constructed a portion of the wall while standing on scaffolding dispels the notion that the wall was at the same level as the concrete pad where decedent was standing when injured. The falling of an unbraced, free standing and newly constructed 22-foot high by 36-foot long concrete wall is not one of those " ' " 'myriad of common every day work activities not involving heights' " ' " *(Lehner v Dormitory Auth., supra,* at 949; *Maracle v DiFranco, supra,* at 878; *Staples v Town of Amherst,* 146 AD2d 292, 300, *supra).* (Appeals from Order of Supreme Court, Monroe County, Stander, J.—Labor Law § 240 [1].) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.