BERNARD J. ROGERS, JR., Appellant, v COUNTY OF NIAGARA, Respondent. [619 NYS2d 472] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly dismissed plaintiff's Labor Law § 240 (1) cause of action. Plaintiff was injured when the wall of an excavation trench caved in on him. Labor Law § 240 (1) does not impose liability in favor of a worker injured in the collapse of an excavation trench *(see, Kelleher v First Presbyt. Church,* 158 AD2d 946, *lv dismissed* 75 NY2d 947; *Staples v Town of Amherst,* 146 AD2d 292, 301). The court erred, however, in dismissing plaintiff's Labor Law § 241 (6) cause of action, and we reinstate it. Labor Law § 241 (6) imposes a non-delegable duty upon an owner to provide protection for workers irrespective of the owner's control or supervision of the worksite *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-502; *Shoemaker v State of New York,* 186 AD2d 1028; *Schwalm v County of Monroe,* 158 AD2d 994). Plaintiff has alleged violations of the Industrial Code (12 NYCRR 23-1.4 *et seq.).* Those sections set forth "concrete specifications" concerning excavation operations *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505). We reject the argument of defendant County of Niagara that Highway Law § 117-a, which places upon villages the duty to maintain sewers on county-owned streets located within village boundaries, absolves the County of its liability pursuant to Labor Law § 241 (6). Highway Law § 117-a does not alter the County's status as the owner of the roadway. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Labor

Law §§ 240, 241.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.