■ Michael Corsaro, Respondent, v Mt. Calvary Cemetery, Inc., Defendant and Third-Party Plaintiff-Respondent. Frank L. Ciminelli Construction Co., Third-Party Defendant-Appellant. [626 NYS2d 634] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was engaged in the erection of forms to be used in the construction of reinforced concrete columns. The forms were arranged at ground level and were anchored to the ground. Estimates of the height of the forms varied from 12 to 20 feet. While walking at ground level, plaintiff was injured when one of the forms collapsed and fell on him. Supreme Court granted plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1). That was error.

The purpose of section 240 (1) is to protect workers from risks "related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501). Those risks "are generally referred to as the 'falling object' and 'falling worker' tests" *(Misseritti v Mark IV Constr. Co.,* 209 AD2d 931, 932). The form did not constitute a falling object because it "was at the same level as

the work site" and, therefore, did not constitute an elevation-related risk *(Maracle v DiFranco,* 197 AD2d 877, 878; *see, Misseritti v Mark IV Constr. Co., supra; Smerka v Niagara Mohawk Power Corp.,* 206 AD2d 891).

The court properly granted summary judgment in favor of defendant on its third-party complaint against plaintiff's employer, third-party defendant, Frank L. Ciminelli Construction Co. (Ciminelli). The uncontroverted evidence establishes that defendant did not direct, control or supervise the manner in which Ciminelli performed its work *(see, Misseritti v Mark IV Constr. Co., supra; Paterson v Hennessey,* 206 AD2d 919, 920; *Damon v Starkweather,* 185 AD2d 633).

Therefore, we modify the order on appeal by vacating that part of the order that granted partial summary judgment to plaintiff and by granting Ciminelli's cross motion to dismiss plaintiff's Labor Law § 240 (1) cause of action. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Labor Law § 240 [1].) Present—Denman, P. J., Lawton, Wesley, Doerr, Boehm, JJ.