■ GUSTAV SHERMAN et al., Appellants, v BABYLON RECYCLING CENTER, INC., Defendant and Third-Party Plaintiff, and HINCK ELECTRICAL CONTRACTOR, INC., Respondent. RRT DESIGN & CONSTRUCTION CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [631 NYS2d 25] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about February 3, 1995, which, *inter alia*, granted the motions of defendant Hinck Electrical Contractor, Inc. and third-party defendant RRT Design & Construction Corp. for a change of venue from New York County to Suffolk County, denied plaintiffs' cross motion for retention of venue in New York County and for summary judgment on its cause of action under Labor Law § 240 (1), and granted defendant Hinck Electrical's cross motion to dismiss plaintiffs' cause of action under Labor Law § 240 (1), reversed to the extent appealed from, on the law, the facts, and in the exercise of discretion, without costs, summary judgment granted in favor of the plaintiffs on their Labor Law § 240 (1) cause of action, the motions to change venue to Suffolk County denied, and plaintiffs' cross motion for retention of venue in New York County granted.

The IAS Court erred in concluding that the provisions of Labor Law § 240 (1), which impose absolute liability upon owners, contractors, and their agents for failing to furnish or erect safety devices to protect workers from the risks of elevation-related injuries, are inapplicable to the facts of this case. In *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501), the Court of Appeals, citing *Rocovich v Consolidated Edison Co.* (78 NY2d 509), specifically stated that section 240 (1) applies to the " 'special hazards' " of "falling from a height *or being struck by a falling object that was* improperly hoisted or *inadequately secured*" (emphasis added). The statute " ' "is to be liberally construed to accomplish its beneficent purpose; [i.e.] the better protection of work[ers] engaged in certain dangerous employments" ' " (*Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998, 999-1000). Here, plaintiff Gustav Sherman was injured by a ten foot long steel beam which was parallel to the ground and elevated by two eight foot tall vertical beams, and which was part of a hoisting apparatus. The lifting beam had been previously secured to the steel building column by an iron sling to prevent the effects of gravity from taking place.

On the dayof the accident, the sling was not in place, causing the beam to fall. The obvious nature of the danger, i.e., that this beam would fall on someone if left unsecured, is confirmed by the fact that the beam was so secured prior to the day of the accident. Such a patent danger from an inadequately secured beam clearly falls within the contemplated hazards of the statute. Accordingly, the plaintiffs' Labor Law § 240 (1) claim should not have been dismissed.

Moreover, the testimony of plaintiff, the investigation and accident reports, and the sworn testimony of an eyewitness and site manager unequivocally established that on the day of the accident, the lifting beam was not shackled or otherwise secured to the steel column before it fell on plaintiff. Additionally, the testimony of plaintiff and his co-worker demonstrates that the violation was the proximate cause of the injury. Plaintiff's co-worker, Alan Klug, an eyewitness to the accident, stated in his sworn statement that during the weekend prior to the accident, someone had unshackled the beam from the steel column, and that after plaintiff broke a piece of wood between the beam and the column, the beam and the "cross-member" fell forward on top of plaintiff. Thus, plaintiffs presented prima facie evidence that there were no safety devices in place at the time of the accident and this violation proximately caused Gustav Sherman's injury.

On appeal, defendant Hinck and third-party defendant RRT have failed to address the issue of whether summary judgment should be granted in plaintiffs' favor. Babylon Recycling Center, Inc. did not appear on appeal. Under the statute, the defendants Hinck and Babylon, as general contractor and owner of the construction site, respectively, are absolutely liable (*Oden v Chemung County Indus. Dev. Agency, supra* [property owner and contractor held absolutely liable and summary judgment granted when crane struck upright column, situated on floor, causing it to fall on plaintiff; summary judgment denied as to crane owner, operator and company that hired operator]). Plaintiffs have established that this an " 'extreme case where no protective device [has been] furnished' " (*Babuzano v Rem Gen. Constr.*, 202 AD2d 462) in that a brace or sling was not furnished, and the beam was left unsecured. Thus, plaintiffs were entitled to summary judgment in their favor on their claim pursuant to section 240 (1).

Turning then to the question of venue, we begin by noting plaintiffs' choice of New York County for this action was based on defendant Babylon Recycling Center, Inc.'s designation of New York County as its principal place of business in its certif-

icate of incorporation and therefore a proper venue (CPLR 503 [c]). To the extent that the IAS Court found that Suffolk County would be a more appropriate venue than New York County, its decision was based on the need for liability witnesses from Suffolk County. However, in light of our determination with respect to the plaintiffs' summary judgment motion, the convenience of plaintiff's damage witnesses no longer need be subordinated to the convenience of defendants' liability witnesses. Two of plaintiff's witnesses on the issue of damages, officials from his union, reside in New York City, and his wage and benefit records are maintained in lower Manhattan. Plaintiffs' economist is in Manhattan. In its current posture, this is no longer a case where "all things being equal, [it is] a transitory action [which] should be tried in the county in which the cause of action arose" (*McGuire v General Elec. Co.*, 117 AD2d 523, 523-524). Rather, the "convenience of material witnesses and the ends of justice will be promoted" (CPLR 510 [3]) by retention of venue in New York County. Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Cohen, J.