■ VERNON KLIEN, Appellants, v COUNTY OF MONROE et al., Respondents. COUNTY OF MONROE et al., Third-Party Plaintiffs-Respondents, v FLOWER CITY GLASS COMPANY, Third-Party Defendant-Respondent. [632 NYS2d 343] —Order unanimously af-

firmed without costs. Memorandum: Vernon Klien (plaintiff) was injured while working at a construction site when he was struck by a metal window curtain frame. Before the accident plaintiff and two coworkers had placed the metal window curtain frame on a three-foot concrete wall where it was to be installed. Plaintiffs commenced this action against the owners of the property where the accident occurred, the general contractor and the construction manager of the project. Defendants commenced a third-party action against plaintiff's employer. Plaintiffs moved for partial summary judgment on liability based on Labor Law § 240 (1) and defendants cross-moved for summary judgment dismissing the complaint. Plaintiffs contend that Supreme Court erred in denying their motion and granting defendants' cross motions. We disagree. Because the metal window curtain was at the same level as the work site, there was no elevation-related risk to support a Labor Law § 240 (1) cause of action (see, Corsaro v Mt. Calvary Cemetery, 214 AD2d 950; Misseritti v Mark IV Constr. Co., 209 AD2d 931, 932; Maracle v DiFranco, 197 AD2d 877, 878).

Plaintiffs' Labor Law § 241 (6) cause of action was also properly dismissed. Plaintiffs alleged in support of that cause of action that defendants violated Industrial Code (12 NYCRR) § 23-1.7 (a) (1) by failing to provide overhead planking to protect workers. That regulation applies to areas where workers are normally exposed to falling objects and, therefore, does not apply to this case (see, Adams v Glass Fab, 212 AD2d 972). (Appeals from Order of Supreme Court, Monroe County, Frazee, J. —Labor Law.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.