■ EDWARD ALLEN et al., Respondents, v HODOROWSKI AND DESANTIS BUILDING CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Appellant. H.R. SCHULTZ, INC., Third-Party Defendant-Appellant. [632 NYS2d 707] —Cardona, P. J. Appeal from an order of the Supreme Court (Mycek, J.), entered July 29, 1994 in Saratoga County, which, *inter alia*, granted plaintiffs' cross motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action.

Plaintiff Edward Allen (hereinafter plaintiff) was employed as a heavy equipment operator for third-party defendant, H.R. Schultz, Inc. (hereinafter Schultz). On January 7, 1987, plaintiff allegedly was injured while working on property owned by defendant, a contracting firm. According to plaintiff, on that date he was operating a backhoe excavating trenches approximately six feet deep to accommodate water and sewer pipes. At the time of the accident, plaintiff was in a trench helping a co-

worker connect a water-line pipe. To get into the trench, plaintiff parked his backhoe next to it and jumped into the trench. There was no ladder or other equipment available for ingress to or egress from the trench. Thus, when plaintiff sought to leave the trench, he tried to jump out of it by taking a running start and grabbing some tree roots near the top. The accident took place when, upon his arrival at ground level, plaintiff hit his head on the boom of the backhoe that he had parked next to the trench.

As a result of the accident, plaintiff and his spouse brought this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendant answered and commenced a third-party action against Schultz. Schultz also served an answer and then moved for summary judgment dismissing both the main and third-party actions. Defendant cross-moved for summary judgment on the main action. In response, plaintiffs moved for partial summary judgment on the issue of defendant's liability pursuant to Labor Law § 240 (1). Supreme Court denied Schultz's and defendant's motions and granted plaintiff's cross motion. This appeal followed.

Under the circumstances of this case, we conclude that plaintiff's injuries do not fall within the purview of Labor Law § 240 (1). That statute imposes absolute liability upon owners or contractors where its provisions have been violated and the violation proximately caused the injuries at issue (*see, Garhartt v Niagara Mohawk Power Corp.*, 192 AD2d 1025). Because the duty imposed by the statute is not diminished by any contributive fault of the injured party (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513), its "language must not be strained in order to encompass what the Legislature did not intend to include" (*Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657, 658). Given the "exceptional protection" that the statute provides to workers (*Rocovich v Consolidated Edison Co., supra*, at 514), the Court of Appeals has determined that the statute applies only "where there are risks related to elevation differentials" (*supra*, at 514) and has limited its application to those situations where the required protective device failed to guard the individual "*from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis in original]). That is, the individual must have been exposed to the risk of falling from an elevated area or being hit by an object falling from an elevated point (*see, White v Dorose Holding*, 216 AD2d 290).

Here, because the backhoe did not fall on plaintiff and

plaintiff did not fall from an elevated area, Labor Law § 240 (1) does not apply (*see,* Labor Law § 240 [1]; *Corsaro v Mt. Cavalry Cemetery,* 214 AD2d 950; *Kelleher v Power Auth.,* 211 AD2d 918; *see also, Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781). Although plaintiff contends that the injury would not have occurred if a ladder had been provided, recovery under the statute does not extend to other types of harm even if proximately caused by the absence of a required safety device (*see, Brooks v City of New York,* 212 AD2d 435). Therefore, plaintiff's cause of action pursuant to Labor Law § 240 (1) is dismissed.

Supreme Court did, however, properly refuse to dismiss those portions of the complaint alleging violations of Labor Law § 241 (6) and § 200. To support a claim under Labor Law § 241 (6), the injured worker must allege a violation of a specific regulation promulgated by the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501-502; *Abreu v Manhattan Plaza Assocs.,* 214 AD2d 526). Here, plaintiff raised an issue of fact concerning whether there was a violation of 12 NYCRR 23-4.3. That regulation requires that a ladder be provided in any excavation more than three feet deep. It, therefore, sets forth a concrete specification concerning an excavation operation (*see, Rogers v County of Niagara,* 209 AD2d 1034). It is also not disputed that the trench at issue was over three feet deep and that there was no ladder available to plaintiff. Plaintiff's allegations concerning the violation of this regulation raise triable issues of fact sufficient to warrant denial of the summary judgment motions (*see, Nichols v Deer Run Investors,* 204 AD2d 929). We also find that, at this stage of the proceeding, plaintiff's submissions present issues of fact and are sufficient to avoid summary dismissal of his Labor Law § 200 (1) claim.

Mikoll, Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' cross motion and denied defendant's cross motion and third-party defendant's motion regarding plaintiffs' Labor Law § 240 (1) cause of action; plaintiffs' cross motion denied, defendant's cross motion and third-party defendant's motion granted to that extent, partial summary judgment awarded to defendant and third-party defendant and plaintiffs' Labor Law § 240 (1) cause of action is dismissed; and, as so modified, affirmed.