■ ROBERT J. ADAMCZYK, Respondent, v HILLVIEW ESTATES DEVELOPMENT CORP., Appellant and Third-Party Plaintiff-Appellant. CONSTRUX DEVELOPMENT COMPANY, Third-Party Defendant-Respondent. [641 NYS2d 925] —Order unanimously reversed on the law without costs, cross motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's cross motion for summary judgment dismissing the complaint. Plaintiff, an employee of third-party defendant, was injured when he was struck by a sewer pipe on premises owned by defendant. On the day of the accident, plaintiff was installing sewer pipes in a trench approximately 13 feet deep. The sewer pipes, approximately $13^{1}/_{2}$ feet long and weighing approximately 30 to 50 pounds, were being handed down to plaintiff by a co-worker. The accident occurred when the co-worker slipped while handing down a pipe, dropping the pipe into the trench. Plaintiff caught a portion of the pipe in his hands and fell to his knees, sustaining back injuries. Because plaintiff's activities involved the usual and ordinary dangers of a construction site, and not the extraordinary elevation-related risks envisioned by Labor Law § 240 (1), the Labor Law § 240 (1) cause of action must be dismissed (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781). Furthermore, that cause of action cannot be sustained because plaintiff's injuries were not the result of an object falling from an elevated work surface (*see, Misseritti*

*v Mark IV Constr. Co., supra; Smith v New York State Elec. & Gas Corp., supra; Ruiz v 8600 Roll Rd.*, 190 AD2d 1030, 1031; *Fox v Jenny Eng'g Corp.* [appeal No. 2], 122 AD2d 532, *affd* 70 NY2d 761).

We further conclude that plaintiff's Labor Law § 241 (6) cause of action must be dismissed. A cause of action against a nonsupervising owner or contractor under that section must allege the violation of a specific rather than a general safety standard established by the Labor Commissioner (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505; *Pelleschi v City of Rochester*, 198 AD2d 762, 763, *lv denied* 83 NY2d 752). Plaintiff's allegation that defendant violated the general safety standard set forth in 12 NYCRR 23-1.5 (a), therefore, is insufficient (*see, Dombrowski v Schwartz*, 217 AD2d 914; *Gordineer v County of Orange*, 205 AD2d 584). Moreover, plaintiff's allegations that defendant violated the specific safety standards set forth in 12 NYCRR 23-4.2, 23-4.3, 23-4.4 and 23-4.5 are also insufficient because those regulations involve the shoring and stabilization of trenches and other excavation work and, therefore, are not applicable to this case (*see, Klien v County of Monroe*, 219 AD2d 846, *lv denied* 87 NY2d 804; *Adams v Glass Fab*, 212 AD2d 972).

Finally, the Labor Law § 200 and common-law negligence causes of action must be dismissed because the record contains no proof that defendant actually supervised or controlled plaintiff's work (*see, Walsh v Amherst Constr. Co.*, 226 AD2d 1053 [decided herewith]; *Mamo v Rochester Gas & Elec. Corp.*, 209 AD2d 948, 949, *lv dismissed* 85 NY2d 924; *see also, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876).

In light of the foregoing, we do not consider defendant's remaining contention. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Labor Law.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.