■ JOHN PANATTONI et al., Respondents, v INDUCON PARK ASSOCIATES, INC., et al., Appellants. INDUCON PARK ASSOCIATES, INC., Third-Party Plaintiff, v YARUSSI CONSTRUCTION, INC., Third-Party Defendant-Appellant. [668 NYS2d 840] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: John Panattoni (plaintiff) was injured when he was struck by a section of a sewer pipe that was being lowered by a backhoe into a trench in which he was standing. The pipe was attached to the backhoe by a strap or choke collar, which broke; the pipe fell and struck plaintiff on the leg, knocking him to the ground. Supreme Court granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action; this appeal arises as a result of a judgment against defendants following a trial on the issue of damages.

The court properly granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action. Plaintiff was injured as a result of "being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *see, Sherman v Babylon Recycling Ctr.*, 218 AD2d 631, *lv dismissed* 87 NY2d 895). Defendants' reliance on *Adamczyk v Hillview Estates Dev. Corp.* (226 AD2d 1049) is misplaced. There the sewer pipe was being handed down to the plaintiff by a co-worker standing above the trench; the pipe slipped from the co-worker's hand and fell into the trench, and the plaintiff was injured when he caught the pipe and injured his back. That case involved "the usual and ordinary dangers of a construc-

tion site, and not the extraordinary elevation-related risks envisioned by Labor Law § 240 (1)" (*Adamczyk v Hillview Estates Dev. Corp., supra,* at 1049). There is no merit to the contention that the accident here was not the result of an object falling from an elevated worksite (*see, Covey v Iroquois Gas Transmission Sys.,* 89 NY2d 952).

We agree with defendants that the court erred in failing to reduce the verdict by $20,307.99, the amount paid by a private health insurer for plaintiff's back treatment. Private health insurance benefits are collateral source payments to be deducted from damages awards (*see,* CPLR 4545 [c]; *Niemann v Luca,* 168 Misc 2d 1023, 1026-1027). Plaintiffs failed to demonstrate that the health insurance benefits would be covered by Workers' Compensation insurance and thus would be subject to a lien and not subject to an offset. Moreover, the Workers' Compensation Board is not bound by the court's determination that plaintiff's back injuries arose from a worksite accident (*see, O'Rourke v Long,* 41 NY2d 219, 228). We have reviewed the remaining contentions of defendants and conclude that they are without merit.

We therefore modify the judgment by deducting the amount of $20,307.99, plaintiff's private health insurance benefits, and otherwise affirm. (Appeals from Judgment of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present— Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.