■ BRUCE CORBETT, Appellant, v CAROL D. HOGAN, Individually and as Trustee for the Carol D. Hogan Trust, Respondent. [670 NYS2d 273] —Order unanimously affirmed without costs. Memorandum: As limited by his brief, plaintiff appeals from that portion of an order that denied his motion for partial summary judgment on his Labor Law § 240 (1) cause of action and granted defendant's cross motion for summary judgment dismissing that cause of action. Plaintiff contends that, as a matter of law, he was injured as a result of defendant's violation of Labor Law § 240 (1) and therefore is entitled to partial summary judgment on the issue of liability.

Supreme Court properly granted defendant's cross motion. The purpose of Labor Law § 240 (1) is to protect workers from the extraordinary hazards of elevating themselves or their materials (*see, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Plaintiff was injured while on the ground, carrying a ladder in an upright position. The ladder toppled, causing plaintiff to hyperextend his arm as he tried to hold onto the ladder. Plaintiff thus was exposed only to the usual and ordinary dangers of a construction site, in particular, those risks involved in moving a heavy or bulky object at the "same level" as the worker or the work site. Consequently, plaintiff is

not entitled to recover under the statute (*see, e.g., Rodriguez v Tietz Ctr. for Nursing Care, supra*, at 843-844; *Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049; *Corsaro v Mt. Calvary Cemetery*, 214 AD2d 950, 950-951; *Smerka v Niagara Mohawk Power Corp.*, 206 AD2d 891; *Maracle v DiFranco*, 197 AD2d 877, 878).

In light of our disposition, it is unnecessary to address the contention of defendant that she is entitled to the statutory exemption for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; *see generally, Bartoo v Buell*, 87 NY2d 362; *Lombardi v Stout*, 80 NY2d 290; *Van Amerogen v Donnini*, 78 NY2d 880). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.