■ FRANCIS R. ALBANESE et al., Appellants, v R.C. BILLINGS, INC., Respondent. [699 NYS2d 826] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered December 4, 1998 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Francis R. Albanese (hereinafter plaintiff) was a supervisor for Kimble, Inc., a subcontractor hired by the general contractor to remove old cooling towers (hereinafter chillers) and install new ones at a job site in the Village of Gang Mills, Steuben County. Defendant, also a subcontractor, was engaged to perform excavation and foundation work. During disassembly and removal of one of the chillers, defendant provided a hydraulic excavator—operated by defendant's em-

ployee, Daniel Weaver—to enable Kimble to drag the chiller through a doorway. In the course of moving the chiller, plaintiff sustained injuries when his foot became wedged between the bucket of the excavator and a concrete pad. Thereafter, plaintiff and his wife, derivatively, commenced this negligence suit against defendant. After joinder of issue and discovery, Supreme Court granted defendant's motion for summary judgment concluding that at the time of the accident Weaver was Kimble's special employee for the purpose of removing the chiller. Plaintiff appeals.

Where an employee "is transferred for a limited time of whatever duration to the service of another", a special employment relationship is created (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). Typically, whether such a relationship exists poses a factual question for which summary judgment is inappropriate unless of course it has been incontrovertibly demonstrated that the special employer exercised exclusive "control and direction of the manner, details and ultimate results of the employee's work" (*Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998, 999; *see, Thompson v Grumman Aerospace Corp., supra*, at 558).

That is the case here. The record reveals that defendant loaned Kimble the hydraulic excavator and an employee to operate it for performance of a task that was Kimble's sole contractual responsibility, that Kimble employees, under plaintiff's direction, secured the chiller to the excavator with straps and chains and that plaintiff directed Weaver as to the movement of the chiller through the door, using hand signals to direct Weaver in this task. Given the foregoing, and in the absence of any evidence whatsoever that defendant exercised control over Weaver in the performance of this work, Supreme Court's finding that a special employment relationship was established as a matter of law is fully justified.

Mikoll, J. P., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, with costs.