■ GREGORY HAWKINS, Appellant, v CITY OF NEW YORK et al., Respondents. [713 NYS2d 311] —Order, Supreme Court, Bronx County (George Friedman, J.), entered November 27, 1998, which granted defendants' motion for summary judgment dismissing plaintiff's causes of action based on Labor Law § 240 (1) and § 241 (6), unanimously modified, on the law, the motion insofar as directed against the cause of action based on section 240 (1) denied and that cause of action reinstated, and otherwise affirmed, without costs.

Plaintiff construction worker was directed to go to the third floor of a school undergoing renovations and pull steel beams into the building. Just prior to the accident, one steel beam was positioned at the third-floor level of the structure, supported on either side only by the walls and spanning a completely open area almost 30 feet long between the walls. Plaintiff and his co-workers were not furnished with any hoists, ropes or any other devices to move or support the steel beams. When pulled, the beam became free from the other side of the building and that end fell three stories towards the ground while the end near plaintiff pinned him against the wall, fracturing his left wrist and forearm and leaving him disabled. The IAS Court understood that the beam end which pinned plaintiff to the wall was a few feet above his worksite and, relying upon *Rodriguez v Margaret Tietz Ctr. for Nursing Care* (84 NY2d 841) felt constrained to dismiss based on a finding that there was no elevation hazard involved. Unlike *Rodriguez*, however, plaintiff had been working at an elevation of three stories and the force of gravity on the steel beam was clearly a "special hazard" within the meaning of section 240 (1). Here, the force of gravity operating on an unsecured object at an elevated height caused plaintiff's injuries and section 240 (1) provides a cause of action (*Panattoni v Inducon Park Assocs.*, 247 AD2d 823; *Wensley v Argonox Constr. Corp.*, 228 AD2d

823, *lv dismissed* 89 NY2d 861; *Sherman v Babylon Recycling Ctr.*, 218 AD2d 631, *lv dismissed* 87 NY2d 895).

The IAS Court properly dismissed plaintiff's Labor Law § 241 (6) cause of action since the regulations upon which plaintiff relied are either insufficiently specific or plainly inapplicable. 12 NYCRR 23-1.5 (a) and (c) (1) require "reasonable and adequate" protection and that machinery be in "good repair" and "safe". Such generic directives are insufficient as predicates for section 241 (6) liability (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505; *Ferreira v Unico Serv. Corp.*, 262 AD2d 524; *Thompson v Marotta*, 256 AD2d 1124; *see, McCormack v Hemlsley-Spear, Inc.*, 233 AD2d 203; *Auguello v 20166 Tenants Corp.*, 251 AD2d 44, *lv denied* 1998 NY App Div LEXIS 8996). 12 NYCRR 23-6.1 and 23-6.2 govern the use and maintenance of ropes and hoists but do not state when such safety devices must be used. Since plaintiff was not using a hoist, there could be no violation of either regulation (*Cardenas v American Ref-Fuel Co.*, 244 AD2d 377; *Smith v Homart Dev. Co.*, 237 AD2d 77). Concur—Andrias, J. P., Saxe, Buckley and Friedman, JJ.