■ JERRY L. MATTHEWS et al., Appellants, v TOWN OF MORRISTOWN, Defendant and Third-Party Plaintiff-Respondent. TOWN OF OSWEGATCHIE, Third-Party Defendant-Respondent. [729 NYS2d 554] —Lahtinen, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 16, 2000 in St. Lawrence County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Jerry L. Matthews (hereinafter plaintiff), an employee of third-party defendant, Town of Oswegatchie (hereinafter Oswegatchie), was gravely injured when he was run over

by a highway grader and shoulder machine owned by defendant and operated by one of its employees during the completion of a road project in and for Oswegatchie. Defendant's employee was working on the project using defendant's machine pursuant to a "shared services" agreement between certain towns within St. Lawrence County.

Plaintiff and his wife, derivatively, commenced this action against defendant seeking damages for the injuries plaintiff sustained and defendant thereafter sought indemnification from Oswegatchie in a third-party action. After issue was joined and substantial discovery completed, defendant and Ogwegatchie each separately moved for summary judgment claiming that defendant's machine operator was a "special employee" of Oswegatchie and, therefore, plaintiff's coemployee. As such, plaintiff's exclusive remedy is workers' compensation (*see*, Workers' Compensation Law §§ 11, 29 [6]). Plaintiffs cross-moved to strike defendant's affirmative defense based on the Workers' Compensation Law. Unable to distinguish this Court's holding in *Albanese v R.C. Billings, Inc.* (267 AD2d 866), Supreme Court denied plaintiffs' cross motion, granted the motions by defendant and Oswegatchie, and dismissed the complaint. Plaintiffs appeal.

Whether a general employee of one employer may be a special employee of another is generally a question of fact (*see, e.g., Stone v Bigley Bros.*, 309 NY 132). Consideration of a number of factors, such as "[t]he payment of wages; the right to hire or discharge; the right to direct the servant where to go, and what to do; the custody or ownership of the tools and appliances he may use in his work; the business in which the master is engaged or that of him said to be a special employer" (*Braxton v Mendelson*, 233 NY 122, 124), may be helpful in attempting to decide the question but "[o]rdinarily no one fact is decisive" (*id.*, at 124). However, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558). In cases where the record clearly shows that the general employer has surrendered direction and control over the employee to the special employer to perform the special employer's work, and the special employer assumed and exercised that exclusive control, the question of whether a special employment relationship exists may be determined as a matter of law (*see, id.; Jaynes v County of Chemung*, 271 AD2d 928, *lv denied* 95 NY2d 762).

In the case now before us, the record presents unresolved is-

sues of fact requiring a trial. Defendant's shared services agreement resolution of May 14, 1985 specifically authorized defendant to provide public works "services" to other municipalities and receive a like number of hours of service in return. In addition, Oswegatchie's Highway Superintendent, Karl Cougler, testified that defendant's employee was "the expert" on defendant's shoulder machine and if a problem with the shoulder work performed by defendant's employee on Oswegatchie's job was observed by defendant's Highway Superintendent, then defendant's Highway Superintendent "definitely would direct it." The language of the shared services agreement,* coupled with this testimony, suggests that defendant provided shoulder grading services to other municipalities, including the services of a specialist and the retention of some element of control (*see, Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998, 999; *Bird v New York State Thruway Auth.*, 8 AD2d 495). Whether defendant's employee was in the special employment of Oswegatchie at the time of the accident or was performing the work which was his duty to perform for defendant pursuant to the shared services agreement presents a question for the trier of fact (*see, Brooks v Chemical Leaman Tank Lines*, 71 AD2d 405, 408). For these reasons our holding in *Albanese v R.C. Billings, Inc.* (267 AD2d 866, *supra*), relied upon by Supreme Court, is not controlling here.

Since, in our opinion, this record does not incontrovertibly demonstrate that defendant "exercised exclusive 'control and direction of the manner, details and ultimate results of the employee's work'" (*Albanese v R.C. Billings, Inc., supra*, at 867, quoting *Oden v Chemung County Indus. Dev. Agency, supra*, at 999), we reverse so much of Supreme Court's order as granted the motions for summary judgment by defendant and Oswegatchie and dismissed the complaint.

Crew III, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's and third-party defendant's motions for summary judgment; said motions denied; and, as so modified, affirmed.

* Notably, the shared services agreement does *not* provide that defendant's employees would be "deemed" employees of the other municipalities which received these services (*see*, General Municipal Law § 119-o [2] [b]).