Lahtinen, J.
Appeal from an order of the Court of Claims (Read, EJ.), entered October 17, 2002, which, inter alia, granted claimant’s cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).
Claimant, an employee of Pike Construction Company, was working on a project that Pike had contracted to perform on premises owned by defendant. As part of the project, claimant and a coworker, William Smith, were directed to remove four-inch PVC piping that was partially filled with concrete debris from a pipe chase. The pipe chase was estimated to be 6 feet wide and 12 feet high. The PVC pipes were suspended by wire approximately two feet below the ceiling of the pipe chase. While standing on the top rung of a six-foot ladder that rested against a wall in the pipe chase, Smith cut the wires holding one section of PVC pipe with one hand and attempted to hold the pipe with his other hand. Smith was unable to hold the pipe, which weighed about 150 pounds, and it fell on claimant as he secured the bottom of the ladder. This claim, premised upon alleged violations of the Labor Law, ensued. Both parties eventually moved for summary judgment. After a thorough discussion of the pertinent law, the Court of Claims dismissed so much of the claim as alleged violations of Labor Law §§ 200 and 241 (6), but granted claimant partial summary judgment under Labor Law § 240 (1). Defendant appeals.
It is now well settled that cases involving both a falling worker and a falling object may come within the ambit of Labor Law § 240 (1) (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). While the statute is liberally construed to ac *749 complish its purpose of affording protection to workers (see Melber v 6333 Main St., 91 NY2d 759, 762 [1998]), caution must nevertheless be exercised not to stretch the statute’s reach beyond that intended by the Legislature since it incorporates the extraordinary remedy of absolute liability (see Perchinsky v State of New York, 232 AD2d 34, 37-38 [1997], lv dismissed and denied 91 NY2d 830 [1997], lv denied 93 NY2d 812 [1999]; Allen v Hodorowski & DeSantis Bldg. Contrs., 220 AD2d 959, 960 [1995]). Hence, to come within the protection afforded by the statute, an injured worker generally must show, at a minimum, that a relevant safety device was absent or defective and that such absence or defect was a proximate cause of a gravity-related injury (see Narducci v Manhasset Bay Assoc., supra at 267-268; Felker v Corning Inc., 90 NY2d 219, 224-225 [1997]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993]).
Here, as explained by the Court of Claims, claimant established that he was assigned to assist in dismantling a pipe located 10 feet above his work level, the pipe was too heavy for Smith to handle alone, no safety devices were provided to protect claimant and the pipe fell on him. The manner in which this task was attempted by Smith and claimant, with the one ladder they had in the pipe chase, necessarily placed claimant in a position where he was at risk of being struck by a falling object. A supervisor from Pike testified that a scissor lift was generally used to do this type of work and, when asked at his deposition about using a ladder, the supervisor responded that two ladders should have been placed in the pipe chase so that the workers could have worked together to hold the pipe and then safely move it down to the floor of the pipe chase. Moreover, no safety devices, such as a sling, hanger or rope, were provided to secure this drain pipe and protect these workers from the hazard of the drain pipe falling while being dismantled (see Labor Law § 240 [1]). We agree with the Court of Claims that claimant’s proof established a prima facie violation of Labor Law § 240 (1) and defendant failed to submit adequate evidence to raise a factual issue.
Finally, we find unpersuasive defendant’s contentions that claimant’s bill of particulars failed to provide sufficient notice of his theories of liability and that the accident was an ordinary hazard of a construction site.
Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.