KATHLEEN PERKINS et al., Respondents, v DRYDEN AMBULANCE, INC., Appellant. [816 NYS2d 916]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered March 22, 2005 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

In April 1999, while she was cleaning an ambulance owned and operated by defendant, plaintiff Kathleen Perkins (hereinafter plaintiff) was exposed to a disinfecting solution that allegedly caused her respiratory distress requiring hospitalization. At the time of the incident, plaintiff was employed by the Town of Dryden in Tompkins County as a clerk and as a paramedic who was assigned to supplement defendant's staff of volunteers pursuant to a contract between the Town and defendant. Plaintiff and her husband subsequently commenced this negligence action against defendant. Defendant ultimately moved for summary judgment dismissing the complaint on the ground that workers' compensation benefits were plaintiff's exclusive remedy because, among other things, plaintiff was its special employee at the time of the incident. Finding that the record was insufficiently developed to determine the relationship between the parties, Supreme Court denied the motion.

On its appeal, defendant primarily contends that Supreme Court erred in denying its motion because it demonstrated that plaintiff was its special employee. We cannot agree. Usually, whether a worker is a special employee of another presents a question of fact and that question should not be resolved on a motion for summary judgment unless the special employer's comprehensive and exclusive control and direction of the man-

ner, details and ultimate results of the employee's work have been incontrovertibly established (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]; *Matthews v Town of Morristown*, 286 AD2d 535, 536 [2001]). The other factors to be considered include who is responsible for the payment of wages, who furnishes the worker's equipment, who has the right to discharge the worker, and "whether the work being performed was in furtherance of the special employer's or the general employer's business" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *see Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 788 [1996], *lv dismissed* 88 NY2d 874 [1996]). Here, our review of the record supports Supreme Court's conclusion that an issue of fact exists as to whether the Town surrendered and defendant assumed sufficient control of plaintiff to give rise to a special employment (*see e.g. Matthews v Town of Morristown, supra* at 537).

We have considered defendant's remaining contentions that it was a coemployer of plaintiff and that it and the Town were participating in a joint venture, and find that Supreme Court correctly denied defendant's motion for summary judgment on those grounds, as well.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.