OPINION OF THE COURT
Alan D. Oshrin, J.
The plaintiff, Diane Kaiser, commenced an action to recover *274 for personal injuries which she alleges occurred as a result of a collision between a Long Island Railroad train and a tractor trailer which had come to a stop on the railroad tracks. The accident took place on May 11, 1992. The plaintiff was a passenger on the train. Six other actions were also commenced by passengers on the train and the Long Island Railroad interposed a claim for damage to its locomotive against the owner and operator of the tractor trailer. During pretrial proceedings, this court directed that all cases would proceed to a joint trial of the issues of liability.
The trial commenced after jury selection on September 9, 1996. At that time counsel for Oxford Health Plans Inc. (hereinafter Oxford) appeared and requested leave to intervene. The application was heard in open court on the record and denied. This court observed that to permit Oxford to intervene at that late date without affording all interested parties an opportunity to review pleadings and perhaps to either consider or conduct discovery would be prejudicial to the rights of those then present and ready to proceed to trial. The court advised counsel for Oxford that Oxford could make an application to intervene upon the damage trial of the matter should a verdict be rendered in favor of the plaintiff Diane Kaiser. Oxford had provided health benefits to the plaintiff Diane Kaiser, as a result of the injuries which the plaintiff sustained in the accident. The amount claimed by Oxford is approximately $12,230.
During the trial of the liability issue, Diane Kaiser and all but one of the plaintiffs settled their claims against the defendants leaving for trial only one action by an individual plaintiff against the defendants, and the claim of the Long Island Railroad seeking damages as a result of what it claims to have happened to its locomotive.
By permission of this court, counsel for Oxford has made, and this court deems Oxford to have made, a formal application for permission to either have this court reconsider its prior order and/or intervene in the action entitled Kaiser v Metropolitan Tr. Auth. In his letter of October 11,1996, counsel for Oxford argues that Oxford has a right to intervene to determine whether the settlement included medical expenses that the plaintiff is required to reimburse Oxford and to protect its subrogation rights.
The court has been advised that in February 1996 counsel for Oxford sent correspondence to counsel for the plaintiff Kai *275 ser alerting counsel of Oxford’s claim, and requesting that Oxford be informed of the status of the litigation. A second request was made by letter dated April 15, 1996. Counsel for the plaintiff Kaiser forwarded a copy of the amended complaint to counsel for Oxford and advised counsel for Oxford to do what it deemed appropriate to keep current as to the course of the litigation.
The settlement arrived at between the plaintiff Kaiser and the respective defendants on September 17, 1996 provided for the payment of a substantial sum of money by the defendants to the plaintiff Kaiser in exchange for a general release. The settlement which was spread upon the record expressly provided that the settlement was to compensate the plaintiff for pain and suffering only, and expressly provided that no part of the settlement was to compensate the plaintiff for any expenditures that have been paid on the plaintiff’s behalf in the past, or will be paid in the future, from collateral sources. The settlement also provided that the plaintiff will indemnify and hold harmless against any purported lien asserted by any entity or individual. The settlement further provided as to Oxford specifically, that the plaintiff will hold the defendants harmless for any lien or right of subrogation of Oxford as pertains to Diane Kaiser.
Recently in its opinion in Teichman v Community Hosp. (87 NY2d 514 [1996]) the Court of Appeals acknowledged the health insurer’s equitable right of subrogation for losses paid on behalf of its insured and which may be recovered from the third party legally responsible for the loss. The Court of Appeals also acknowledged that the health insurer has a right to intervene to allow the insurer to establish its right to recoup covered medical payments, if any, made to plaintiffs by defendants as part of the settlement. In Teichman, a case involving the settlement of an infant’s claim, the Court of Appeals observed that "[t]he trial court itself noted that 'the settlement amount herein is inextricably intertwined with components of pain and suffering and medical expenses’ ”, and found that "here there exists the possibility that the settlement did actually include some payment for medical expenses” (supra, at 523).
In Teichman (supra) the procedural context of the case was such that the plaintiff had commenced an action against the insurer, Met Life, to vacate any claims for reimbursement and also for a declaration that Met Life had no right to settlement proceeds. That being the case, in Teichman intervention was *276 appropriate to permit Met Life to assert its rights and prevent Met Life from being foreclosed from further legal activity in that regard.
The extent to which an insurance company may be permitted to intervene in a negligence action by a person receiving benefits from the company must be carefully considered. CPLR 4545, commonly referred to as the collateral source rule, bars mention of expenses a plaintiff has incurred where there has been reimbursement by a third party such as Oxford here (see, Niemann v Luca, 168 Misc 2d 1023 [1996]). In light of such statutory prohibition, it would be inappropriate for the insurance company to be granted leave to intervene and to present evidence to the jury as to medical expenses incurred by the plaintiff with respect to which there was reimbursement by the insurance company. Thus, at most, were intervention to be granted all the insurance company would be entitled to in a case where no posttrial expenses are claimed would be a hearing outside the presence of the jury to determine whether the insurance company was entitled to exercise its subrogation rights against the plaintiff. Were a plaintiff to claim posttrial medical expenses as an item of damage, perhaps there would be a role for the insurance company at trial, but that issue is not before this court at this time.
Here the settlement was for pain and suffering only. It specifically excluded compensation for medical expenses. The terms of the stipulation did not, in any way, adversely affect the claim and/or subrogation rights of Oxford which were acknowledged and preserved, thereby negating any argument that Oxford’s subrogation rights were impeded, impaired or extinguished by the actions of the parties and the language of the stipulation (see, Government Empls. Ins. Co. v Halfpenny, 103 Misc 2d 128 [1980]; Kozlowski v Briggs Leasing Corp., 96 Misc 2d 337 [1978]).
Neither the interest of judicial economy, nor the rights of Oxford require intervention here. Were intervention permitted Oxford would be powerless to effect the settlement made by the plaintiff Kaiser and the defendants. If Oxford desires to proceed with its subrogation rights against the plaintiff Kaiser, both Kaiser and Oxford are entitled to discovery and the procedural rights provided litigants in the CPLR (e.g., service of an appropriate complaint and responsive pleading). To permit intervention at this date, and under these circumstances, would have foreclosed that opportunity. To permit intervention where the claim relates solely to pretrial *277 reimbursed expenses subject to the collateral source rule, would be to burden a trial with issues which cannot properly be brought before a jury and would require almost two simultaneous trials, one with the jury and one without the jury.
On the facts there is no reason to permit intervention. Accordingly, compensation for medical expenses not being part of the settlement and Oxford’s equitable subrogation rights having been preserved, there is no basis for intervention in the within action, and Oxford may prosecute its rights of equitable subrogation by separate action (see, Winkelmann v Excelsior Ins. Co., 85 NY2d 577 [1995]; Federal Ins. Co. v Andersen & Co., 75 NY2d 366 [1990]).
This decision is also deemed a granting of Oxford’s request for reargument and/or reconsideration and upon the granting thereof, the original determination is adhered to.