In the Matter of the Estate of FRANK E. CAMPBELL, Deceased.

Surrogate's Court, New York County, April 29, 1941.

*McCanliss & Early*, for the administrators.

*Hayward, Jones, Nutt & Murray* [*Samuel D. Jones* of counsel], for the objectant.

DELEHANTY, S. Deceased and his brother-in-law Peters, an objectant in this accounting proceeding, made an agreement in June, 1930, providing for purchase by deceased through the medium of Peters of notes and stock in a realty corporation. This plan was consummated. The purchase price for the property was payable on May 1, 1934, with the obligation resting on Peters to make good on that date. Deceased died in January, 1934. When the law day arrived the representatives of deceased decided to resist

payment on various grounds which were eventually to prove untenable. During the litigation which arose in respect of the vendee's liability Peters retained counsel to look after his interests. This was necessary since he was notified as early as January 2, 1935, that counsel for the estate would " not be in a position in any case to represent " him. Now Peters wants to have the fee of his attorney paid by the estate and objects to the account because no provision is made for such payment. He relies on his Exhibit 1 as the basis on which he should be afforded relief. This exhibit is an indemnity agreement, an excerpt from which says: " Frank E. Campbell further agrees to indemnify and save harmless Edward V. Peters of and from all claims and demands of any kind and description which may arise under and by virtue of the execution by said Edward V. Peters " of the agreement whereby Peters became the nominal purchaser of the notes and stock above mentioned. The amount sought by objectant Peters in behalf of his attorney is $3,850. The judgment on which he had been liable for a number of years was in excess of $40,000. This judgment has now been paid by the estate.

The accountants oppose the objectant's claim on the ground that the indemnity agreement has no application to a claim for counsel fees. The court holds this defense to be without merit. Whatever might be said where an indemnitee recklessly incurs unnecessary legal expense in purporting to protect himself against liability while all the time the indemnitor is independently affording him ample protection, in the present case recourse to his own counsel was required of the indemnitee by the representatives of the deceased indemnitor. The objectant acted reasonably in engaging counsel and the demand of the latter for compensation is evidently one of the direct consequences of the execution of the agreement whereby the indemnitee became the nominal vendee of the notes and stock, the nominal defendant in a hotly contested litigation and the nominal judgment debtor over a series of years. The rule is settled that an indemnity agreement such as the agreement here made extends to payment of reasonable counsel fees reasonably incurred. (*City Trust, S. D. & S. Co.* v. *Waldhauer*, 47 Misc. 7, 13; *Cassidy* v. *Taylor Brewing & Malting Co.*, 79 App. Div. 242, 244; *Olmstead* v. *Rawson*, 188 N. Y. 517, 522. Cf. *Hilliker* v. *Rueger*, 228 id. 11, 16.)

The cases, however, recognize two basic types of indemnity agreement both of which happen to be illustrated by objectant's Exhibit 1. An indemnitor in the first place may promise to do a particular thing such as pay a debt for which the indemnitee is liable. Exhibit 1 contains such a promise. Or the indemnitor may promise to make good the damage sustained which flows from

liability incurred. This also was done in Exhibit 1. " In the former case the covenantee [indemnitee] is to be saved from the thing specified, and in the latter from the consequence of it." (*Kohler* v. *Matlage*, 72 N. Y. 259, 267; to the same effect see *Gilbert* v. *Wiman*, 1 id. 550, 553; *Belloni* v. *Freeborn*, 63 id. 383, 390; *National Bank of Newburgh* v. *Bigler*, 83 id. 51, 61, 62; *Albert* v. *Freedman*, 253 id. 508, 510, 511.) Ordinarily the " consequences " will be fixed by action but this is not a necessary step in the fixation of the amount of the claim or demand for which the indemnitor must assume responsibility. The indemnitee may recognize and place a value upon his damage by way of his counsel fees thereby binding himself to his counsel but in that event he can secure reimbursement only to a reasonable amount— itself a question of fact to be tried when the indemnitor properly raises that question if asked to make good on his promise. (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 218; *White* v. *Maryland Casualty Co.*, 139 App. Div. 179, 185.) That the indemnitor's liability is limited to what is reasonable only is urged as one of the defenses of the accountants.

The accounting parties contend for total exoneration from liability on the ground that an interchange of letters (accountants' Exhibits 1, 2 and 3) occurring in 1936 constituted mutual general releases among the parties. These letters look to the preparation of general releases and nothing more. They form no agreement *in præsenti*. Beyond this, upon examining them it became apparent that no consideration whatever moved to objectant in connection with this correspondence. This defense must fail, therefore.

Recurring now to the question of the extent of the indemnitor's liability to Peters the court has taken proof respecting the services performed by the indemnitor's lawyer. These services concededly were not so much concerned with defending Peters in the vendor's action as they were in fending off threats by the judgment creditor against Peters as judgment debtor. From the standpoint of the indemnitee the services of his lawyer were entirely successful and the latter is entitled to fair compensation, payment of which must be made by the estate standing in the shoes of the indemnitor. The court fixes the reasonable value of the services of Mr. Jones to Mr. Peters at $1,500. To this extent objection 2 to the account is sustained. Objection 1 seems to have been abandoned and hence to require no formal ruling.

Since the accounting proceeding is not ready for decree at this time the objectant Peters if he chooses to do so may submit on notice an interim decree embracing the terms of this decision.