■ FRANK LAVORATO et al., Respondents, v BETHLEHEM STEEL CORPORATION, Respondent and Third-Party Plaintiff-Respondent. FURNCO CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant. — Order granted March 18, 1982 modified in accordance with memorandum, and, as modified, together with order granted March 17, 1982, affirmed, without costs. All concur, Simons, J., not participating. Memorandum: Plaintiff Frank Lavorato, an employee of Furnco Construction Corporation (Furnco) was injured when he fell from a scaffold which had been erected by employees of Furnco on the property of Bethlehem Steel Corporation (Bethlehem) in connection with the performance of certain work pursuant to a contract between the two corporations. In this personal injury action under the Labor Law, Special Term properly granted summary judgment to plaintiffs against defendant Bethlehem on the issue of liability only, and also properly granted to Bethlehem summary judgment over against third-party defendant Furnco on the same

issue. In granting judgment over against Furnco, Special Term ordered Furnco to pay "reasonable attorneys' fees incurred by [Bethlehem] in connection with the defense of the primary action and the prosecution of the third-party action". The contract between the parties provided that Furnco shall indemnify Bethlehem and save Bethlehem harmless "from and against all loss or liability for or on account of any injury * * * or damages received or sustained by * * * any employee" of Furnco. We agree that the broad language of the indemnification provision spells out the intention of the parties that Bethlehem would be entitled to an award of counsel fees reasonably incurred in defense of the action brought by plaintiffs (see *Cassidy v Taylor Brewing & Malting Co.,* 79 App Div 242; *Turner Constr. Co. v Rockwood Sprinkler Co. of Mass.,* 249 App Div 508, affd 275 NY 635; *Murphy v City of Yonkers,* 213 NY 124; *Matter of Campbell,* 176 Misc 543; see, also, *Bethlehem Steel Corp. v KLO Welding Erectors,* 132 NJ Super 496; cf. *Tyng v American Sur. Co.,* 174 NY 166). Such an award may not be made, however, in connection with Bethlehem's third-party action against Furnco (see 41 Am Jur 2d, Indemnity, § 37). It is well settled that a litigant may not recover damages for the amounts expended in the successful prosecution of its rights (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22). (Appeal from orders of Supreme Court, Erie County, Johnson, J. — negligence — labor law.) Present — Dillon, P. J., Simons, Doerr, Boomer and Moule, JJ.