OPINION OF THE COURT
Dominick J. Viscardi, J.
There are four motions before this court. General Electric Co. (hereinafter GE) seeks an order of summary judgment dismissing the complaint on the ground that the Statute of Limitations has tolled, an order granting GE leave to amend its cross claim to assert a claim for legal fees and expenses against National Commercial Bank and Trust Company (hereinafter Bank) and Metroland Securities Corporation, an order directing judgment for liability only against codefendants Bache and Co., Inc. (hereinafter Bache), National Commercial Bank and Trust Company and Metroland Securities Corporation for legal expenses *431 and costs incurred by GE for failure of the codefendants to indemnify GE for these costs, and alternatively, if the complaint is not dismissed, finding GE’s codefendants liable, jointly and severally, for the full amount of any judgment which plaintiffs may hereafter obtain against GE.
The Bank which has had the complaint against it dismissed by an order by the Hon. Norman L. Harvey (decision dated April 20, 1982) seeks an order dismissing GE’s cross claim against it on the grounds that the cross claim fails to state a cause of action and that the Statute of Limitations has tolled.
Bache has moved for an order dismissing the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) and an order dismissing the action on the ground that it is barred by the Statute of Limitations (CPLR 3211, subd [a], par 5). Bache has also cross-moved for an order granting summary judgment dismissing the cross claim of GE for failure to state a claim upon which relief can be granted and as being time barred.
Plaintiffs have moved for an order permitting them to file and serve an amended complaint alleging a cause of action based on fraud.
Plaintiffs allege that 50 shares of GE stock which they purchased through Metroland Securities on May 10, 1974, were improperly transferred, surrendered and thereby converted by the defendants. Plaintiffs further allege that on or about September 1,1974, these shares were presented to Bache for sale and eventual surrender to GE without plaintiffs’ authorization or permission, though the purported signatures of the plaintiffs on the certificate were guaranteed by GE’s codefendants. The stock certificate which GE issued to plaintiffs was presented to GE for transfer on September 11, 1974.
The summons with notice commencing this action is dated October 28, 1981. Thus the action was commenced more than seven years after the date of loss on September 11,1974. Regardless of whether the plaintiffs’ action is one based on conversion or on breach of contract, it is barred by the Statute of Limitations (see CPLR 213, 214). Therefore, plaintiffs’ complaint is dismissed as to defendants GE and Bache.
*432 The plaintiffs’ motion to amend their complaint to allege a cause of action based on fraud is denied. To plead a prima facie case of fraud, the plaintiffs must allege representation of a material existing fact, falsity, scienter, deception and injury (Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778; Reno v Bull, 226 NY 546, 550). These elements must be specifically pleaded in detail (CPLR 3016, subd [b]). In this regard the proposed amended complaint is seriously lacking for the allegations of fraud are general in nature. For example, the allegations in the proposed amended complaint do not show that GE, Bache or the Bank made a misrepresentation of a present or preexisting fact known to be untrue or that these parties intended to deceive. The allegations speak in terms of reasonable care, a negligence standard. Causes sounding in negligence are not transformed into causes of action in fraud merely by pleading conclusory allegations of fraud (Dworman v Lee, 83 AD2d 507, affd 56 NY2d 816).
GE seeks legal fees and expenses incurred in defending this action from the Bank and Bache as a result of their signature guarantees. GE relies upon subdivision (8) of section 8-312 of the Uniform Commercial Code which provides “[t]he foregoing warranties are made to any person taking or dealing with the security in reliance on the guarantee and the guarantor is liable to such person for any loss resulting from [the] breach of * * * warranties.” GE maintains that “any loss” includes legal fees and expenses and places upon the signature guarantors a duty to indemnify.
The defendants, Bache and Bank, contend that GE is not entitled to legal fees and expenses on the basis that a corporation is entitled to costs but not legal fees and that the action is barred by the Statute of Limitations because it “commences to run at the time the stock is transferred, as the guaranty and representation are not continuing contracts of indemnification” (1 Christy, Transfer of Stock [5th ed], § 248, p 1920).
Subdivision (1) of section 1-106 of the Uniform Convmercial Code provides that “The remedies provided by this Act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the *433 other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this Act or by other rule of law.” Subdivision (8) of section 8-312 of the Uniform Commercial Code states “the guarantor is liable * * * for any loss resulting from breach of the warranties.” In reading this section “liberally” as required by section 1-106 of the Uniform Commercial Code, “is liable” should take on the meaning of indemnification. The Comment 4 to section 8-312 states “Subsection (3) is expressly designed to encourage issuers and their agents to rely upon signature guarantees and to avoid needless waste of time and duplication of effort in ascertaining the facts so guaranteed.” If section 8-312 is not read to require indemnification, then the purpose for which subdivision (8) is designed is not met. The Statute of Limitations does not bar the claim for indemnification from loss, since indemnification arises on the date that the party seeking indemnification makes payment (McCabe v Queensboro Farm Prods., 22 NY2d 204).
It is also the opinion of this court that attorneys’ fees are legitimate items of damage (28 NY Jur, Indemnity, § 23; see Matter of Campbell, 176 Misc 543).
Therefore, GE’s motion to amend its cross claim and for a trial to assess damages for legal fees and expenses is granted.