[612 NYS2d 564]

GIOVANNINO DIPERNA et al., Plaintiffs, v AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants. AMERICAN BROADCASTING COMPANIES, INC., Third-Party Plaintiff-Appellant, v ANTHONY CONCRETE CORP. et al., Third-Party Defendants-Respondents.

First Department, May 31, 1994

## APPEARANCES OF COUNSEL

*Sheldon Bunin* of counsel *(William Thymius* with him on the brief; *Bunin & DiGiulio,* attorneys), for third-party plaintiff-appellant.

*Michael Conforti* of counsel *(Leahey & Johnson, P. C.,* attorneys), for third-party defendant-respondent.

## OPINION OF THE COURT

Sullivan, J. P.

Claiming to have been injured as the result of a January 26, 1983 accident at a construction site when he tripped over a "rebar", plaintiff Giovannino DiPerna, a laborer employed by Anthony Concrete Corp., a subcontractor at the project located at 320 West 66th Street in Manhattan, sued American Broadcasting Companies, Inc. (ABC), the owner of the site, which, in turn, impleaded Lehrer-McGovern, Inc., the construction manager; its contractor, Corinno Civetta Construction Corporation; and Corinno Civetta's subcontractor, Anthony Concrete, for contribution and, with respect to the latter two third-party defendants, contractual indemnity. Corinno Civetta contracted to excavate and construct the foundation for the project, subcontracting the cement work to Anthony Concrete.

Although there was no question that plaintiff was working at the project while the contract work of Corinno Civetta and Anthony Concrete was in progress, with Corinno Civetta's workers and its equipment present at the site, both ABC and the third-party defendants disputed that he was injured as claimed. After a trial, the jury, in response to a special interrogatory, unanimously found that the accident did not occur as plaintiff claimed and that ABC and the third-party

defendants were free from fault. By posttrial motion, ABC sought contractual indemnification against Corinno Civetta and Anthony Concrete[1] for the costs and expenses of defending this action, relying, with respect to Corinno Civetta, upon article 10 of the October 26, 1983 contract between Lehrer-McGovern, "acting as agent for [ABC]", and Corinno Civetta, which, in pertinent part, provides: "[Corinno Civetta] shall hold Construction Manager, Owner * * * their respective partners, employees and agents (herein collectively called 'indemnitees') harmless of, from, and against all liability, damage, loss, claims, demands and actions which arise or are claimed to arise out of or be connected with any accident or occurrence which happens, or is alleged to have happened in or about the place where such work is being performed (1) while [Corinno Civetta] is performing the work, either directly, or indirectly through a subcontract or material agreement, or (2) while any of [Corinno Civetta's] property, equipment or personnel are in or about such place or in the vicinity thereof by reason of or as the result of the performance of the work; including without limiting the generality of the foregoing, all liability, damage, loss, claims, demands and actions on account of personal injury, death or property loss to any Indemnitee, any Indemnitee's employees, agents, subcontractors, or invitees, any other Contractor, its employees, agents, subcontractors or invitees or any other persons, whether based upon or claimed to be based upon, statutory * * *, contractual[,] tort or other liability of any Indemnitee, Contractor or any other persons, * * * provided that said personal injury * * * was not caused by the sole negligence of Indemnitee, its agents or employees."[2]

The IAS Court denied ABC's claim for indemnification, noting that the third-party actions were rendered moot by virtue of the finding of no liability in the primary action and the pendency of ABC's separate plenary action against, *inter alia,* Corinno Civetta's liability insurers for the costs of defending the underlying action. ABC appeals. We reverse.

The indemnification provision at issue clearly entitles ABC to indemnification for the costs it incurred in defense of the

---

1. ABC does not pursue its claim against Anthony Concrete on this appeal.

2. We reject Corinno Civetta's argument that this Court ought not give effect to this provision since it was not before the IAS Court. While a copy of that portion of the contract which includes the indemnification provision is not included in the record, the provision was quoted in affirmations and there is no dispute as to either its existence or its precise wording.

main action. Nothing in its broad language[3] conditions ABC's right to indemnification on a finding of fault by Corinno Civetta or a third person. Indeed, in addressing a "loss * * * which arise[s] or [is] claimed to arise out of * * * any accident or occurrence which * * * is alleged to have happened," the agreement expressly contemplates the absence of fault. Corinno Civetta's reliance on *Cichon v Brista Estates Assocs.* (193 AD2d 926) and *Edwards v International Bus. Machs. Corp.* (174 AD2d 863, 865) is misplaced. The contracts in those cases required a predicate finding of negligence on the part of the subcontractor-indemnitor and that such negligence had been the proximate cause of plaintiff's injuries. No such finding is required by the provision at issue here.

Nor, to prevail on its claim for indemnification, was ABC required to prove that it had sustained an actual loss, i.e., that it had paid attorneys' fees. While "at one time it was thought that the cause of action for indemnity could not be brought by impleader in the main action, since the indemnity claim was premature" *(McDermott v City of New York,* 50 NY2d 211, 218, n 3), it is well settled that an indemnity claim may be asserted in the main case by a third-party action. *(Supra;* CPLR 1007.) The impleader of a third-party defendant "does not vitiate the requirement of a showing of actual loss before there may be recovery but does permit an indemnitee to obtain a conditional judgment fixing the potential liability without the need for payment until it is shown that the judgment in the principal action has been satisfied in whole or

---

3. While the clause at issue does not provide specifically for the indemnification of counsel fees, the promise to hold ABC harmless with respect to "all liability, damage, loss * * * which arise[s] or [is] claimed to arise out of * * * any accident or occurrence which * * * is alleged to have happened" is broad enough to cover defense costs. *(See, Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184, 1185; *see also, Breed, Abbott & Morgan v Hulko,* 139 AD2d 71, 74, *affd* 74 NY2d 686.) This case is unlike *Hooper Assocs. v ASG Computers* (74 NY2d 487), where the plaintiff sought to apply the promise to indemnify to recover counsel fees incurred in prosecuting an action on the contract against the promisor itself. The Court of Appeals held that, absent a clear manifestation from the language of the promise, the indemnity clause could not be construed to include attorney's fees incurred in the prosecution of an action between the parties, *inter se,* given the well-understood rule that the parties are responsible for their own attorney's fees. *(Supra,* at 492.) A different situation exists here, where ABC does not seek indemnification for counsel fees incurred in litigation between it and another party to the indemnification agreement but for counsel fees incurred in defending an action by a third party. *(See, Lavorato v Bethlehem Steel Corp., supra,* 91 AD2d 1184.)

part. [Citations omitted.] Since the third-party judgment would not be subject to execution until there is proof of such payment of the main judgment—whether by the filing of a satisfaction piece or other means—the third-party action conveys no greater rights than could be obtained if the action were brought independently. It does, however, permit the third-party plaintiff to obtain the earliest possible determination as to the extent to which he may expect to be reimbursed for any loss." *(McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208.)

Corinno Civetta also argues that in view of ABC's plenary action against its insurance carrier and that of Anthony Concrete, ABC has elected to pursue its remedy in another forum and should not be permitted to seek indemnity in this action. The contractual obligations of Corinno Civetta and the insurers, however, are separate and distinct, each supported by independent and different consideration. Corinno Civetta's obligation to indemnify ABC, bargained and paid for as part of its contract with Lehrer-McGovern, as agent for ABC, has nothing to do with the liability insurers' obligations, in consideration of a premium paid to them, to defend and indemnify ABC, which are separately enforceable. As ABC recognizes, there is no possibility of a double recovery; each obligor would have a setoff for the amount paid by the other. We also reject Corinno Civetta's argument that ABC has no standing to assert a claim for its defense costs and that such a claim should be pursued, rather, by ABC's liability carrier. That ABC may have obtained insurance to pay the costs of its defense does not diminish the separate and distinct obligation of Corinno Civetta, its contractual indemnitor.

Finally, Corinno Civetta argues that the claim for the costs of defending the action does not survive the extinction of the primary claim and has no existence independent of the plaintiff's claim. It is well settled, however, that a third-party plaintiff is entitled to a recovery in excess of its liability on the plaintiff's claim. *(See, Cohen Agency v Perlman Agency,* 51 NY2d 358, 365.)* This would, of course, include defense costs.

Accordingly, the order of Supreme Court, New York County (Harold Tompkins, J.), entered June 17, 1992, which, *inter alia,* denied the motion of American Broadcasting Companies, Inc. for indemnification for the costs of its defense of the main action, should be reversed to the extent appealed from, on the law, with costs and disbursements, the motion granted and the matter remanded for a hearing on damages.

ELLERIN, Ross and NARDELLI, JJ., concur.

Order, Supreme Court, New York County, entered June 17, 1992, which, *inter alia,* denied the motion of American Broadcasting Companies, Inc. for indemnification for the costs of its defense of the main action, reversed to the extent appealed from, on the law, with costs and disbursements, the motion granted and the matter remanded for a hearing on damages.