[660 NYS2d 177]

THOMAS A. PERCHINSKY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 86964.) (Action No. 1.)

THOMAS A. PERCHINSKY, Appellant, v GRANNY "G" PRODUCTIONS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. TODD PERCHINSKY, Individually and Doing Business as TODD'S KITE WORLD, et al., Third-Party Defendants-Respondents. (Action No. 2.)

Third Department, July 10, 1997

## APPEARANCES OF COUNSEL

*Coughlin & Gerhart, L. L. P.*, Binghamton *(James P. O'Brien* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Michael S. Buskus* and *Peter H. Schiff* of counsel), for respondent.

*O'Connor, Gacioch & Pope, L. L. P.*, Binghamton *(Hugh B. Leonard* of counsel), for Granny "G" Productions, Inc., defendant and third-party plaintiff-respondent-appellant.

*Levine, Gouldin & Thompson, L. L. P.,* Binghamton *(Patricia M. Curtin* of counsel), for Binghamton Lions Club, defendant and third-party plaintiff-respondent-appellant.

*Hickey, Sheehan & Gates, P. C.,* Binghamton *(Gregory A. Gates* of counsel), for Todd Perchinsky, third-party defendant-respondent.

*Hinman, Howard & Kattell,* Binghamton *(Brian R. Wright* of counsel), for Lemon Enterprises, Inc., third-party defendant-respondent.

## OPINION OF THE COURT

CARPINELLO, J.

At issue in these actions, which have been joined on appeal by consent of the parties, is an injury suffered by claimant-plaintiff (hereinafter plaintiff) while attaching wire to the walls of the State-owned Army National Guard Armory in the City of Binghamton, Broome County. At the time of the incident, the Armory had been leased by the Binghamton Lions Club to hold a home show, which defendant Granny "G" Productions, Inc. had been hired to produce. In order to decorate the Armory with kites for the show, Granny "G" entered into an oral agreement with third-party defendant Todd's Kite World (hereinafter Kite World), which, in turn, retained third-party defendant Lemon Enterprises, Inc., plaintiff's employer, to attach wire to the walls for the purpose of hanging the kites.

To accomplish this task, plaintiff needed to strand wire some distance above the Armory floor. Lacking a ladder, he obtained a one-piece metal extension ladder from a State employee on the premises. While wrapping wire around a metal railing protruding from the wall, plaintiff fell and sustained injuries when "the lefthand side of the ladder came away from the wall and the ladder collapsed".

Alleging violations of, *inter alia*, Labor Law § 240 (1) and § 241 (6), plaintiff commenced action No. 1 against the State. Alleging these same violations in addition to common-law

negligence and breach of contract, he commenced action No. 2 against defendants Richard Faust and Richard Kober, as president and treasurer, respectively, of the Lions Club and defendant Binghamton Lions Charities, Inc. (hereinafter collectively referred to as the Lions Club), as well as Granny "G". The Lions Club and Granny "G" asserted cross claims against each other for contribution and/or indemnification, costs and counsel fees. They also commenced third-party actions against Kite World and Lemon Enterprises for the same relief.

Following discovery, plaintiff moved for partial summary judgment in action No. 1 on the issue of liability pursuant to the Labor Law § 240 (1) and § 241 (6) claims, prompting a cross motion by the State for summary judgment dismissing same. Around the same time, the Lions Club sought summary judgment dismissing the complaint in action No. 2; it also sought costs and counsel fees against Granny "G". Granny "G" cross-moved for, *inter alia*, summary judgment against plaintiff and plaintiff, in turn, cross-moved for partial summary judgment.

■ The first motions decided were those in action No. 1. The Court of Claims granted the State's cross motion finding that plaintiff's activities did not fall within the purview of Labor Law § 240 (1) and § 241 (6). Subsequent to this decision, the Lions Club and Granny "G" moved to amend their answers in action No. 2 to include the defense of collateral estoppel and to dismiss the Labor Law § 240 (1) and § 241 (6) claims. Supreme Court permitted the amendments, granted the motions and dismissed the complaint in its entirety. The court also dismissed as moot the cross claims for indemnification and contribution. Plaintiff, the Lions Club and Granny "G" appeal.*

The legislative purpose of Labor Law §§ 240 and 241 is to place " 'ultimate responsibility for safety practices at building construction jobs * * * on the owner and general contractor' " (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520, quoting 1969 NY Legis Ann, at 407). Indeed, the language of the statutes themselves evinces an intent to regulate conduct and protect workers involved in construction, renovation or excavation-type projects at building construction sites (*see, Jock v Fien*, 80 NY2d 965, 968). Because these statutes impose absolute liability without regard to a worker's culpability, their language should not be strained to encompass accidents which

---

* On appeal, Granny "G" has not pursued the propriety of Supreme Court's denial of its motion seeking indemnification for counsel fees from Lemon Enterprises; accordingly, this issue is deemed abandoned (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

the Legislature did not intend to include (*see, Allen v Hodorowski & DeSantis Bldg. Contrs.*, 220 AD2d 959, 960).

In order to be entitled to the protection of Labor Law § 241 (6), a worker must establish, *inter alia*, that he or she was " 'permitted or suffered to work on a building or structure' " (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576, quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971; *see also, Jock v Fein, supra; Walton v Devi Corp.*, 215 AD2d 60, *lv denied* 87 NY2d 809) and that the injury occurred in an area "in which construction, excavation or demolition work is being performed" (Labor Law § 241 [6]). Similarly, in order to be entitled to the protection of Labor Law § 240 (1), a worker must establish that he or she was performing work necessary and incidental to the construction, renovation or repair of a building or structure (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *Lombardi v Stout*, 80 NY2d 290, 295-296). Here, stringing wire to hang kites as part of decorating the interior of a structure in conjunction with an entertainment/commercial enterprise is far removed from the risks associated with the construction, renovation, demolition or alteration of a building or structure. Accordingly, plaintiff's accident does not fall within the protective shield of Labor Law § 240 (1) or § 241 (6) (*see, Brice v Lafayette Country Club*, 177 AD2d 957; *Adams v Alvaro Constr. Corp.*, 161 AD2d 1014), and we affirm the dismissal of these claims.

Supreme Court's dismissal of plaintiff's common-law negligence and Labor Law § 200 causes of action was also proper as there is no evidence that the Lions Club or Granny "G" exercised any supervision or control over plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Lombardi v Stout, supra*, at 295). The mere fact that a representative of Granny "G" was on site and may have had the authority to correct safety violations does not render Granny "G" liable in the absence of proof of its actual control (*see, Brown v New York City Economic Dev. Corp.*, 234 AD2d 33; *Comes v New York State Elec. & Gas Corp.*, 189 AD2d 945, 946, *affd* 82 NY2d 876). Moreover, our review of the agreement between the State and the Lions Club and the contract between Granny "G" and the Lions Club discloses that neither agreement evinces a specific intent to confer a benefit upon plaintiff. Consequently, his cause of action for breach of contract premised upon his alleged status as a third-party beneficiary was properly dismissed (*see, Binghamton Masonic Temple v City of Binghamton*, 213 AD2d 742, 745, *lv denied* 85 NY2d 811).

■ The Lions Club contends that Supreme Court erred in dismissing its cross claim for contractual indemnification against Granny "G". We agree. Where, as here, there is a broad indemnity agreement providing for indemnification "against all claims, actions, damages and costs", the indemnitee is entitled to costs, including counsel fees, incurred in the defense of the primary action even though that action was dismissed (*see, DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 270; *Breed, Abbott & Morgan v Hulko*, 139 AD2d 71, 74, *affd* 74 NY2d 686; *Blair v County of Albany*, 127 AD2d 950, 951; *Girardin v Citicorp*, 118 AD2d 754, 755).

Granny "G" argues that the Lions Club is not entitled to indemnification for the costs and counsel fees it incurred in prosecuting its third-party actions against Kite World and Lemon Enterprises. We disagree and, in so doing, make a distinction between counsel fees incurred in pursuing the third-party actions and those incurred by the Lions Club in pursuing its cross claim against Granny "G".

The latter claim is clearly governed by the general rule limiting an award of counsel fees to the defense of the claim indemnified against and not extending such award to legal services rendered in establishing the right to indemnification (*see,* 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 70, at 127). Both Granny "G" and the Lions Club agree that the Lions Club could not recover for the expense of pursuing its cross claim against Granny "G" to enforce its contractual right of indemnification. The award against Granny "G", however, should include not only the costs of defending the main claim, but also the costs of pursuing the third-party actions because the filing of the third-party actions was an essential component of the defense of the main action, pursued in good faith and not contrary to the language of the contractual indemnity provision.

This holding is not violative of *Chapel v Mitchell* (84 NY2d 345), in which the Court of Appeals specifically noted that it was not dealing with the interpretation of a contractual indemnity provision. Rather, the obligation sought to be enforced was one for common-law indemnification and, importantly, the third-party claim was interposed directly against the obligated indemnitor (*see, id.*). Nor is *Lavorato v Bethlehem Steel Corp.* (91 AD2d 1184) instructive. In that case, the indemnity obligation at issue was contractual; but, as in *Chapel v Mitchell* (*supra*), the counsel fees were sought in a third-party action by the indemnitee against the obligated

indemnitor for the enforcement of the indemnification right itself.

Here, the Lions Club is seeking to enforce its contractual indemnification rights against the indemnitor not for the costs of enforcing the indemnification claim, but merely for the costs of pursuing "defensive" third-party claims *against parties other than the contractual indemnitor*. Permitting the Lions Club to enforce this right is entirely consistent with *DiPerna v American Broadcasting Cos.* (200 AD2d 267, *supra*) because it is not an award of counsel fees in an action between the indemnitor and the indemnitee, *inter se* (*see, id.,* at 270, n 3). To hold otherwise would deprive the indemnitee of the full benefit of the bargain it struck with the indemnitor. Thus, the Lions Club's claim for contractual indemnification from Granny "G" should be limited to the costs, including reasonable counsel fees, incurred in the defense of plaintiff's action, including the prosecution of the third-party actions, but not the prosecution of its cross claim against Granny "G".

WHITE, J. (concurring in part and dissenting in part). I respectfully dissent from that portion of the majority's determination permitting the Binghamton Lions Club to recover from defendant Granny "G" Productions, Inc. the reasonable counsel fees it incurred in the prosecution of its third-party actions for indemnification against third-party defendants. It is well established that an indemnity contract is strictly construed to avoid reading into it a duty the parties did not intend to assume; nor should a promise to indemnify be found unless it can be clearly implied from the language and purpose of the entire agreement (*see, Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491-492). Here, Granny "G" agreed to indemnify the Lions Club "*against* all claims, actions, damages and costs" (emphasis supplied). In my view this promise does not encompass the subject third-party actions since the Lions Club was not defending itself against any claims, but rather was seeking affirmative relief from third-party defendants.

Moreover, since Granny "G" had agreed to fully indemnify the Lions Club, it had no reason to expect the Lions Club to seek indemnification from other sources. To permit this extension of the general rule would leave the indemnitor subject to potential open-ended obligations over which it has no control. Therefore, I conclude that the Lions Club is not entitled to be indemnified for the costs it incurred in prosecuting the third-party actions against third-party defendants (*see, Lavorato v*

*Bethlehem Steel Corp.*, 91 AD2d 1184, 1185). This position is in accord with the general and virtually unanimous rule limiting the allowance of counsel fees to the defense of the claim indemnified against and not extending such allowance for services rendered in establishing the right to indemnification (*see,* Annotation, Indemnity-Liability of Subcontractor, 68 ALR3d 7, 64; 41 Am Jur 2d, Indemnity, § 48, at 383).

CARDONA, P. J., MERCURE and CREW III, JJ., concur with CARPINELLO, J.; WHITE, J., concurs in part and dissents in part in a separate opinion.

Ordered that the order and judgment in action No. 1 is affirmed, without costs.

Ordered that the order and judgment in action No. 2 is modified, on the law, without costs, by reversing so much thereof as denied as moot the motion for summary judgment made by defendants Richard Faust, Richard Kober and Binghamton Lions Charities, Inc. on their cross claim for contractual indemnification; said motion granted to the extent that said defendants are awarded summary judgment on their cross claim regarding the costs, including reasonable counsel fees, incurred in defense of plaintiff's action and in prosecution of the third-party actions; and, as so modified, affirmed.