■■■ MICHELLE M. KLOCK et al., Plaintiffs, v A. PHIL GROSO-DONIA, Defendant and Third-Party Plaintiff-Appellant. PAUL F. VITALE, INC., Third-Party Defendant; AMES REALTY II, INC., Third-Party Defendant-Respondent. [674 NYS2d 187] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the motion of third-party defendant Ames Stores (sued incorrectly as Ames Realty II, Inc.) for partial summary judgment on its counterclaim for contractual indemnification. The contract provides for indemnification against "any and all injury, loss or damage of whatever nature", and thus costs and attorney's fees are recoverable (*see, Perchinsky v State of New York,* 232 AD2d 34, 39, *lv dismissed in part and denied in part* 91 NY2d 830; *DiPerna v American Broadcasting Cos.,* 200 AD2d 267, 269-270; *Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184, 1185). However, we modify the order to limit the recovery to those reasonable attorney's fees and costs incurred in defense of the primary action. A party is not entitled to contractual indemnification for those attorney's fees and costs incurred in establishing its right to indemnification (*see, Perchinsky v State of New York, supra,* at 39; *Lavorato v Bethlehem Steel Corp., supra,* at 1185). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.