Gutkaiss v Delaware Ave. Merchants Group, Inc. (2019 NY Slip Op 04527)





Gutkaiss v Delaware Ave. Merchants Group, Inc.


2019 NY Slip Op 04527


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

527787

[*1]TIMOTHY GUTKAISS, Respondent,
v
DELAWARE AVENUE MERCHANTS GROUP, INC., Defendant, and CITY OF ALBANY, Appellant.

Calendar Date: April 22, 2019

Before: Mulvey, J.P., Devine, Aarons and Rumsey, JJ.


William G. Kelly, Corporation Counsel, Albany (Madalyn R. DeThomasis of counsel), for appellant.
Anderson Moschetti & Taffany, PLLC, Latham (Ingrid A. Effman of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Mackey, J.), entered August 31, 2018 in Albany County, which, among other things, granted plaintiff's motion for partial summary judgment.
In 2010, with the consent of defendant City of Albany, defendant Delaware Avenue Merchants Group, Inc. (hereinafter Merchants), a not-for-profit corporation, wrapped strands of decorative LED lights around the light poles located along a portion of Delaware Avenue for the purpose of creating a brighter appearance in the neighborhood. In September 2015, Merchants hired plaintiff, as an independent contractor, to replace light strands located on 36 light poles because many of the light bulbs had become inoperable. Plaintiff was injured when he fell from a 16-foot aluminum-rung extension ladder when the pole that it was leaning on suddenly fell over. Plaintiff served a timely notice of claim against the City and thereafter commenced this action asserting, as relevant here, causes of action for a violation of Labor Law § 240 (1) and for negligence [FN1]. Following joinder of issue and completion of discovery, plaintiff moved for partial summary judgment establishing the City's liability pursuant to Labor Law § 240 (1), and the City cross-moved for summary judgment dismissing both causes of action. Supreme Court granted plaintiff's motion and denied the City's cross motion. The City appeals.
To be entitled to the protection of Labor Law § 240 (1), a worker must establish, as relevant here, that he or she was involved in the repair of a structure (see Labor Law § 240 [1]; Perchinsky v State of New York, 232 AD2d 34, 38 [1997], lv dismissed and denied 91 NY2d 830 [1997]). Assuming without deciding that the light poles may be considered structures (see e.g. Lewis-Moors v Contel of N.Y., 78 NY2d 942, 943 [1991]), we nonetheless conclude that plaintiff failed to establish his entitlement to the protection of Labor Law § 240 (1) because the work that he was performing did not constitute a repair. Rather, replacement of the light strands, which was necessary because numerous bulbs had burned out, constituted routine maintenance that is outside the protection of Labor Law § 240 (1) (see Trotman v Verizon Communications, Inc., 166 AD3d 707, 708 [2018], lv denied 32 NY3d 917 [2019]; Konaz v St. John's Preparatory Sch., 105 AD3d 912, 913 [2013]; Monaghan v 540 Inv. Land Co. LLC, 66 AD3d 605, 605 [2009]; cf. Piccione v 1165 Park Ave., 258 AD2d 357, 358 [1999], lv dismissed 93 NY2d 957 [1999] [replacing light sockets, which required disconnecting, stripping and reconnecting the wires, constituted a repair]).
Further, although replacement of a light fixture on a lighting pole is a repair within the protection of Labor Law § 240 (1) (see Fitzpatrick v State of New York, 25 AD3d 755, 757 [2006]), under the facts herein, the light strands cannot be considered a fixture. Notably, although the light strands remained on the poles year-round, they were placed on the poles for decorative purposes and were not required to fulfill the primary purpose of the light poles in providing illumination to the street and adjacent sidewalk. Nor did the light strands form part of the light poles; they were merely plugged into standard electrical outlets located near the top of each light pole, wrapped around the outside of each pole and secured at the bottom of the pole with a single zip tie. Tasks associated with decorating a structure do not fall within the scope of Labor Law § 240 (1) (see Munoz v DJZ Realty, LLC, 5 NY3d 747, 748 [2005]; Royce v DIG EH Hotels, LLC, 139 AD3d 567, 568 [2016]; Perchinsky v State of New York, 232 AD2d at 38). Thus, Supreme Court erred in granting plaintiff's motion for partial summary judgment and in denying the City's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim.
We next consider plaintiff's claim that the City negligently maintained the light pole. On appeal, the City argues that it is entitled to qualified immunity from this claim or, alternatively, that this claim must be dismissed because it had no prior written notice of the allegedly dangerous condition. Maintenance of streets and sidewalks is a proprietary function for which a "municipality is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties" (Turturro v City of New York, 28 NY3d 469, 479 [2016] [internal quotation marks and citations omitted]). Although a municipality may enjoy qualified immunity from liability arising from highway planning and design decisions (see id. at 479-480), that doctrine does not shield a municipality from liability arising from negligent maintenance. Thus, Supreme Court properly determined that the City failed to establish immunity from plaintiff's negligence claim.
The City's argument that plaintiff's negligence claim must be dismissed for lack of prior written notice of the alleged defect is unpreserved for our review (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1223 [2013]). Assuming that the lack of prior written notice was asserted as an affirmative defense, the record fails to disclose that the City pursued dismissal of this cause of action on this ground, and whether plaintiff's claim is precluded by the lack of prior written notice is not an issue of law that may be addressed for the first time on appeal (see id.)[FN2]. Accordingly, Supreme Court properly denied that part of the City's cross motion seeking dismissal of plaintiff's negligence claim (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d at 1223).
Mulvey, J.P., Devine and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment and denied the cross motion of defendant City of Albany for summary judgment dismissing the Labor Law § 240 (1) cause of action against it; motion denied and cross motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Plaintiff voluntarily discontinued claims for violations of Labor Law §§ 200 and 241 (6).

Footnote 2: We note that, although the City represents that it asserted the lack of prior written notice as an affirmative defense in its answer, the answer is not part of the record on appeal.