Allergan Fin., LLC v Pfizer Inc. (2020 NY Slip Op 06339)





Allergan Fin., LLC v Pfizer Inc.


2020 NY Slip Op 06339


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 651237/19 Appeal No. 12280-12280A Case No. 2020-02383 

[*1]Allergan Finance, LLC, Plaintiff-Respondent,
v
Pfizer Inc., et al., Defendants-Appellants.


Simpson Thacher & Bartlett LLP, New York (Lynn K. Neuner of counsel), for appellants.
Latham & Watkins LLP, New York (Jamie L. Wine of counsel), for respondent.



Corrected order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 23, 2020, which, insofar as appealed from, denied defendants' motion to dismiss the breach of contract, contractual indemnification, declaratory judgment, and contribution claims, unanimously modified, on the law, the motion granted as to the contribution claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 14, 2020, unanimously dismissed, without costs, as superseded by the appeal from the corrected order.
Plaintiff's claims arising from defendants' failure to pay past and ongoing defense costs in the underlying third-party lawsuits are ripe for adjudication. Plaintiff has adequately alleged that the underlying claims involve pre-closing conduct, as required for the contractual indemnification obligation to be implicated, and defendants have not presented any documentary proof sufficient to conclusively refute these allegations (see Goshen v Mut. Life Ins. Co., 98 NY2d 314, 326 [2002]). Moreover, the indemnification obligation encompasses defense costs, not just final judgments or settlements, and contemplates ongoing quarterly payment of such costs, even before final liability is finally determined, "subject to refund in the event the Indemnifying Party is ultimately held not to be obligated to indemnify the Indemnified Party" (see McCleary v City of Glens Falls, 32 AD3d 605, 609-610 [3d Dept 2006]; Hawkins Home Groups v S0uthern Energy Homes, 276 AD2d 866, 868 [3d Dept 2000]; DiPerna v American Broadcasting Cos., 200 AD2d 267, 269-270 [1st Dept 1994]). Had the parties' intent been to make indemnification conditional on a final determination of liability, then there would have been no need for such a refund mechanism and the provisions for quarterly payment, and giving the Indemnifying Party the opportunity to assume the defense would make no sense.
Plaintiff's claims for indemnification of costs arising from a future adverse judgment or settlement are also ripe for adjudication. "[A] court may render a conditional judgment on the issue of indemnity[] pending determination of the primary action[] in order that the indemnitee [may] obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (Masciotta v Morse Diesel Intl., 303 AD2d 309, 310 [1st Dept 2003] [internal quotation marks omitted]). Although this rule is generally limited to the impleader context (see Mars Assoc. v New York City Educ. Constr. Fund, 126 AD2d 178, 191-192 [1st Dept 1987], lv dismissed 70 NY2d 747 [1987]), it is appropriately applied here, where plaintiff attempted to implead defendants in the underlying lawsuits but was prevented from doing so by a contractual forum selection clause.
Plaintiff's contribution claim relating to costs arising from a future adverse judgment or settlement is, however, premature, because advance adjudication of this claim is impractical. Whereas the indemnification claim is a creature of contract, the contribution claim is a matter of state common law. Thus, while plaintiff's right to contractual indemnification will always be governed by New York law — the governing law selected by the contract — its right to contribution will be governed by the law of the state designated by the choice of law rules of the state in which contribution is sought. Because it is not clear where any potential judgments or settlements may be rendered, and they may be rendered in multiple jurisdictions across the country, it is impossible to predict the outcome of this choice of law analysis at this stage.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020