Rivera v Columbia Hicks Assoc. LLC (2022 NY Slip Op 01752)





Rivera v Columbia Hicks Assoc. LLC


2022 NY Slip Op 01752


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 300155/19E Appeal No. 15498 Case No. 2021-00724 

[*1]Andres Rivera, Plaintiff,
v
Columbia Hicks Associates LLC et al., Defendants.
Columbia Hicks Associates LLC, Third-Party Plaintiff-Respondent,
v
SDS Columbia LLC et al., Third-Party Defendants-Appellants, Mirage Contracting Corp., Third-Party Defendant.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Eliot M. Schuman of counsel), for appellants.
Baker Greenspan & Bernstein, Bellmore (Robert L. Berstein, Jr., of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 22, 2021, which, to the extent appealed from as limited by the briefs, denied defendants/third-party defendants SDS Columbia LLC and Louis V. Greco, Jr.'s motion for summary judgment dismissing defendant Columbia Hicks Associates LLC's (Hicks) cross claim and third-party claim as against them for contractual indemnification, unanimously affirmed, with costs.
Hicks having been granted conditional summary judgment on its contractual indemnification claim against SDS and Greco at an earlier stage of this action, the law of the case doctrine bars SDS and Greco from seeking to dismiss the claim (Aspen Specialty Ins. Co. v RLI Ins. Co., Inc., 194 AD3d 206, 212 [1st Dept 2021]). In granting Hicks's motion conditioned upon plaintiff construction worker's prevailing against it, Supreme Court (Rodriguez, J.) found that SDS and Greco, which argued that Hicks would only be entitled to indemnification of its out-of-pocket expenses, did not deny SDS's contractual obligation and Greco's personal guarantee.
Even if the law of the case doctrine did not bar relitigation of the issue, we would find that SDS and Greco failed to demonstrate that Hicks's contractual indemnification claim against them should be dismissed. Under the contract for sale of real estate at issue, which allowed SDS to commence construction work prior to the closing of the sale, SDS, the purchaser, was required to "indemnify, defend and hold harmless" Hicks, the seller, for "any and all losses, costs, liabilities, claims, damages or expenses (including, without limitation, reasonable attorneys' fees and costs) arising out of or as a result of or relating to . . . Construction Work" on the premises. Greco also personally guaranteed SDS's indemnification obligation under the contract. By its terms, the provision covers both the settlement that Hicks entered into with plaintiff and the costs it incurred in defense of plaintiff's action (DiPerna v American Broadcasting Cos., 200 AD2d 267, 269 [1st Dept 1994]).
While Hicks funded its share of the settlement using proceeds from its own insurance carrier, the procurement of insurance by Hicks to pay the costs of its defense and liability "does not diminish the separate and distinct obligation of [SDS], its contractual indemnitor" (DiPerna, 200 AD2d at 271). Further, the indemnification clause does not condition Hicks's right to indemnification on a finding of fault by SDS, or a third person (see id. at 270; Santos v BRE/Swiss, LLC, 9 AD3d 303, 304 [1st Dept 2004]).
SDS's liability for contractual indemnification triggers Greco's obligation under the personal guarantee, which "'is to be interpreted in the strictest manner'" (see Brown v Business Leadership Group, 57 AD3d 212, 213 [1st Dept 2008], quoting White Rose Food v Saleh, 99 NY2d 589, 591 [2003]).
We have considered SDS and Greco's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND [*2]ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022