Shawmut Woodworking & Supply, Inc. v Cord Contr. Co. Inc. (2024 NY Slip Op 00044)

Shawmut Woodworking & Supply, Inc. v Cord Contr. Co. Inc.

2024 NY Slip Op 00044

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 154088/16 Appeal No. 1365 Case No. 2022-03996 

[*1]Bujar Bacova et al., Plaintiffs-Respondents-Appellants,
v
Paramount Leasehold, L.P., et al., Defendants-Respondents, Cord Contracting Co. Inc., Defendant-Appellant-Respondent.
Shawmut Woodworking & Supply, Inc., Doing Business as Shawmut Design & Construction, Third-Party Plaintiff-Respondent,
v
Cord Contracting Co. Inc., Third-Party Defendant-Appellant-Respondent, All-Safe LLC, Third-Party Defendant.
Paramount Leasehold, L.P., Second Third-Party Plaintiff-Respondent,
v
Hard Rock Cafe International (USA), Inc., Second Third-Party Defendant-Respondent.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellant-respondent.
Jaroslawicz & Jaros, LLC, New York (Mark W. Walsh of counsel), for respondents-appellants.
The Law Office of Eric D. Feldman, Melville (David Holland of counsel), for Paramount Leasehold, L.P., Levin Management Corporation and Shawmut Woodworking & Supply, Inc., respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered August 5, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Cord Contracting Co. Inc.'s motion for summary judgment dismissing plaintiffs' negligence claim and defendant Shawmut Woodworking & Supply, Inc. doing business as Shawmut Design and Construction's third-party claims for common-law and contractual indemnification against it, granted Cord's motion to the extent of dismissing plaintiffs' Labor Law § 200 claim against it, granted defendants Shawmut, Paramount Leasehold, L.P., and Levin Management Corporation's motion for summary judgment dismissing plaintiffs' negligence and Labor Law § 200 claims against them, and denied plaintiffs' motion for summary judgment as to liability on their negligence and Labor Law § 200 claims, unanimously modified, on the law, to deny Shawmut, Paramount, and Levin's motion as to the negligence and Labor Law § 200 claims, deny Cord's motion as to the Labor Law § 200 claim, and otherwise affirmed, without costs.
Supreme Court correctly denied plaintiffs summary judgment on liability, as the injured plaintiff's testimony regarding whether he tripped on the edge of the plywood floor protection or on a mat laid on it was inconsistent and failed to make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Furthermore, as to Paramount, Shawmut, and Levin, plaintiffs failed to establish as a matter of law that any defect in the plywood edge was visible, apparent, and existed for a sufficient length of time prior to the accident to permit defendants to discover and remedy it, since plaintiff and his coworker both testified that they passed by the location of the accident up to 100 times a day (see Lopez v Dagan, 98 AD3d 436, 438 [1st Dept 2012], lv denied 21 NY3d 855 [2013]).
However, Paramount, Shawmut, and Levin's motion for summary judgment should have been denied, as they failed to submit evidence as to the last time the plywood was cleaned or inspected before the accident (see Ohadi v Magnetic Constr. Group Corp., 182 AD3d 474, 476 [1st Dept 2020]; Deleo v JPMorgan Chase & Co., 199 AD3d 482, 483 [1st Dept 2021]). Contrary to defendants' contention, they failed to prove that any defective condition of the plywood in question was latent (see e.g. Djuric v City of New York, 172 AD3d 456, 457 [1st Dept 2019], lv denied 34 NY3d 910 [2020]; Filarakos v St. John the Baptist Greek Orthodox Church, 169 AD3d 489, 490 [1st Dept 2019]; Lopez, 98 AD3d at 438-439), since a visual inspection of the plywood under the scaffolding, conducted daily, could have disclosed a defect, as the edge of the plywood was clearly visible (cf. Lee v Bethel First Pentecostal Church of Am., 304 AD3d 798, 799-800 [2d Dept 2003]). Additionally, although Supreme Court found that there was no evidence proving that Levin owed plaintiff a duty as Paramount's agent[*2], the record shows otherwise, as Levin's witness testified that he hired the contractor and attended regular walkthroughs of the construction site on Paramount's behalf, and subcontracts listed Levin as the owner of the premises.
Supreme Court correctly denied Cord summary judgment on the negligence claim. Cord, the entity that installed the plywood floor protection, failed to establish prima facie that it did not create the dangerous condition that caused plaintiff's injuries (see Balbuena v 395 Hudson N.Y., LLC, 214 AD3d 586, 587 [1st Dept 2023]). Contrary to Cord's contention, it did not prove that it performed the work by "relying upon the plans and specifications" which it "contracted to follow," as it identified no such plans and specifications beyond verbal instructions from Shawmut's night supervisor concerning what task was to be performed and its location. Moreover, it did not prove the manner in which Cord's employee performed the work (Diaz v Vasques, 17 AD3d 134, 135 [1st Dept 2005], lv denied 5 NY3d 706 [2005] [internal quotation marks omitted]).
Supreme Court also should have denied Cord summary judgment on the Labor Law § 200 claim. As a subcontractor, Cord is "the statutory agent of the owner and general contractor" and stands in their shoes (DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 625 [1st Dept 2015]). The owner and general contractor may be held liable under Labor Law § 200 for injuries arising from a dangerous condition if there is evidence that Cord created the dangerous condition (id.). Since there are issues of fact concerning whether Cord created the condition, the Labor Law § 200 claim remains viable against it.
Supreme Court properly denied Cord summary judgment as to Shawmut's common-law and contractual indemnification claims. The common-law indemnification claim remains viable since there are questions of fact as to whether Shawmut's liability to plaintiffs, if any, will be vicarious only (see Robinson v Brooks Shopping Ctrs., LLC, 148 AD3d 522, 523 [1st Dept 2017]). Also, to the extent that plaintiff proves that he tripped on the plywood that Cord installed, and not a mat, the contractual indemnification provision would potentially be triggered. Furthermore, under the terms of the indemnification provision, Cord may be required to provide indemnification even if it is not negligent (see Mancusi v Avalonbay Communities, Inc., 199 AD3d 463, 464 [1st Dept 2021]; Rivera v Columbia Hicks Assoc. LLC, 203 AD3d 524, 525 [1st Dept 2022]; Quinonez v Manhattan Ford, Lincoln-Mercury, Inc., 62 AD3d 495, 497 [1st Dept 2009]). Finally, the indemnification provision does not violate General Obligations Law § 5-322.1(1), "which allows contractual provisions requiring indemnification whether or not the promisor is partially negligent" (Mancusi, 199 AD3d at 464).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, [*3]FIRST DEPARTMENT.
ENTERED: January 9, 2024